## In Re John Patrick Gray

[ 248 A.2d 693 ]

October Term, 1968

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 10, 1968

*Bishop & Crowley* for Petitioner.

*Latham & Eastman* for United Parcel Service.

*Raymond S. Fitzpatrick, Esq.,* for Vermont Employment Security Board.

**Barney, J.** John Patrick Gray, separated from his employment, filed a claim for unemployment benefits. His employer, an interested party because benefits paid to the claimant affect the employer's contribution rate (21 V.S.A. §1326), asserted that the discharge was based on misconduct. Under 21 V.S.A. §1344, discharge for misconduct connected with his work subjects a claimant to a penalty of loss of benefits of not more than twelve weeks nor less than six weeks.

The claims examiner, after hearing, assessed the six week penalty. This was affirmed by the chief appeals referee, but reversed on hearing before the full employment security board. The employer brought the matter here for review.

The claimant applied to the employer for work in its parcel delivery service. He was required to fill out various application forms, including a medical history, and have a pre-employment physical examination. One of the forms required him to indicate by check mark whether or not he had ever had or been treated for over one hundred different kinds of diseases or physical problems. He checked "yes" to *sinus trouble* and to *chest pain* and "no" to *back trouble.*

As a matter of routine, since the claimant was recently discharged from the Air Force, the employer's medical department requested and received copies of his military medical history. On a form completed at the time of his discharge he gave an affirmative answer to the question, "Have you had recurrent back pain?"

It was the policy of the employer, known and understood by the claimant, to immediately dismiss an employee in the event of misrepresentation, omission of fact or making of a false statement on the employment application. The medical department reported his acknowledgment of recurring back pain as inconsistent with his failure to acknowledge back trouble on his application. His discharge followed.

The evidence developed that the recurrent back pain reported on the discharge form related to chest and back pains caused by a session with bronchitis and sinus trouble. As mentioned, the sinus trouble was reported on his application form. The military history also revealed a single instance nearly two years previous to discharge when he had been put on light duty for 48 hours because of lower back pain reported at sick call. His duty involved installation of aircraft cannon weighing 130 pounds. After this single episode he returned to regular

duty and had no further such trouble. He has had no back difficulty of any kind since his discharge from the Air Force.

The propriety of the discharge is not called into question in these proceedings. We are only concerned with the claimant's entitlement to his full unemployment compensation. This determination is for the commissioner, in the first instance, for 21 V.S.A. §1344 says that an individual shall be disqualified for benefits when (among other things) he has been discharged by his last employing unit for misconduct connected with his work, if so found by the commissioner.

It is thus abundantly clear that it is for the commissioner to find whether or not the actions leading to discharge amount to misconduct connected with his work. Although the employer's determination, that, as to that employer, the conduct is considered misconduct, may be evidence relevant to the issue before the commissioner, it is not *per se* controlling. The statute calls for a separate evaluation by the commissioner, and that evaluation should be carried out in the light of the remedial and beneficial purposes of the unemployment compensation act, *Willard* v. *Vermont Unemployment Comp. Comm.*, 122 Vt. 398, 401, 173 A.2d 843, rather than on the basis of internal hiring procedures adopted by employers.

The commissioner and the board have, in this case, found that the actions of the claimant do not amount to misconduct connected with his work. This decision is considered to have been made, as it should be, in the light of the statutory purposes. Our review of the matter can overturn the result, in the absence of any other defects, only when the established facts do not support the result reached, or compel a different result as a matter of law.

The findings reveal the alleged conflict in the medical histories as at least equivocal, and without motivation to misrepresent or intent to conceal or falsify. In effect, the testimony of the claimant is found credible and exculpatory. This is an appropriate evaluation of the evidence, and we must accept it.

It is also a statement that such conduct, so evaluated, is not misconduct of the measure intended by the legislature to disqualify for benefits. With this position, too, we agree. Although it would be inappropriate to attempt to delineate all aspects of disqualifying misconduct in a case with so limited an issue, substantial disregard of the employer's interest, either wilful or culpably negligent, is the kind

of conduct penalized. See *Boynton Cab Co.* v. *Neubeck,* 237 Wis. 249, 296 N.W. 636, 640.

*The order of the Vermont Employment Security Board awarding benefits to the claimant is affirmed.*