**In re Austin H. Moore**

[269 A.2d 853]

No. 84-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 6, 1970

*Ernest E. Goodrich,* St. Johnsbury, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Raymond S. Fitzpatrick,* Assistant Attorney General, for the State.

**Keyser, J.** This case involves a benefit dispute under the unemployment compensation law. The appellant's claims for benefits for and subsequent to December 9, 1967 were denied by the principal claims examiner on the ground that the claimant was not available for work. Upon appeal from the examiner's determination, the chief appeals referee heard the matter, sustained the decision of the examiner and denied appellant's claims. The claimant then appealed to the Employment Security Board which, after hearing, made its findings of fact and conclusions. It concurred with the conclusions of the referee, sustained his decision and denied the claims. The claimant then appealed from the Board's decision to the Caledonia County Court.

The lower court has certified three questions to this Court for determination under 12 V.S.A. § 2386, as follows:

1. Was the claimant available for work as provided by 21 V.S.A. 1343, and entitled to unemployment benefits under the provisions of this section and under Section 1338, Title 21, of the Vermont Statutes Annotated?

2. Can a claimant take an appeal under 12 V.S.A. 2382 to the County Court from a decision of the Vermont Employment Security Board; and if so, can an appeal be taken to the Supreme Court from the decision rendered by the County Court in said case?

3. If under 12 V.S.A. 2382 an appeal is allowed to the County Court from a decision of the Vermont Employment Security Board, is the case triable *de novo*?

Questions 2 and 3 deal with interrelated subjects in dispute so similar in nature that we consider them together.

■ The procedure in the area of the unemployment compensation is governed wholly by statute. It is recognized that the laws relating thereto are essentially administrative in their character and are administered by administrative agencies. *Charles Headwear, Inc.* v. *Board of Review,* 11 N.J. Super. 321, 78 A.2d 306, 309.

It is provided by 21 V.S.A. § 1349 that the decision of the Security Board is final "unless an appeal is taken as provided in section 2382 of Title 12." Section 2382 is our general appeal statute and provides in part as follows:

"In any action or proceeding, civil or criminal, appealable from any court (except a justice court), commission, board, agency or department of the state or any political subdivision thereof, appeal may be taken by the filing of a notice of appeal as hereinafter set forth with the clerk or register of the tribunal appealed from or the commissioner, as the case may be. The notice of appeal shall specify the parties taking the appeal, shall designate the judgment, order, or proceeding appealed from, shall name the Court to which appeal is taken, and may be signed by the party appealing or his attorney (s). . . ."

Previous to July 11, 1961, a dissatisfied claimant had the right under 21 V.S.A. § 1353 within ten days after the decision of the Board to petition the municipal or chancery court for a review on his claim for benefits. This statute was repealed by No. 210, § 17 of the Acts of 1961, effective July 11, 1961. If such petition was not brought, 12 V.S.A. § 2433 granted the claimant a right within 30 days to have the case transferred to the Supreme Court for review.

■ Section 2433 provided for appeals to Supreme Court from causes before the court of chancery and other tribunals in the same manner as if passed to the Supreme Court from county court. This procedure was in effect when *Nurmi* v. *Vermont Employment Security Board,* 124 Vt. 42, 197 A.2d 483, was decided. This statute was repealed by No. 261, § 68 of the Acts of 1959. The repeal of this special appellate procedure in unemployment cases consigns review in such cases to Chapter 102 of Title 12 V.S.A., governing appellate procedure in general.

The claimant argues that the prime reason for taking an appeal to the county court was to obtain a trial *de novo* and get a complete adjudication of his case on the merits.

The Board reviewed the findings and decision of the referee, held a further hearing, took additional evidence, and subsequently made findings of fact and rendered its decision according to the mandate of 21 V.S.A. § 1332. It was for the Board to determine under 21 V.S.A. § 1344(3) whether the claimant is disqualified for benefits when, without good cause, he is not available for work. This determination on final review of the claimant's application within the framework of the unemployment compensation procedure is for the Board under § 1344. *In re Gray,* 127 Vt. 303, 305, 248 A.2d 693. The *Gray* case involved the question of an employee's discharge for misconduct. That case made it abundantly clear that it is for the Board to find whether or not the actions of an employee leading to his discharge amounted to misconduct connected with his work. And here, as there, the statute calls for a separate evaluation by the Board.

The result of the legislative action in 1961 was that appeals to the municipal (district) court or court of chancery as they existed prior to 1959 with trial *de novo* were abolished. 21 V.S.A. § 1349 which provides that the decision of the Board shall be final unless an appeal is taken as provided by 12 V.S.A. § 2382, took its present form by No. 210, § 11 of the Acts of 1961, the same act by which 21 V.S.A. § 1353 was repealed. Since that time the right of appeal from the decision of the Board existed but only in accordance with our general appeal statute, § 2382, *supra.*

It is provided by 12 V.S.A. § 2384 that "All questions of law or mixed questions of law and fact raised as stated in section 2382 of this title shall pass to the reviewing court for decision." This statute requires that a notice of appeal must be filed and shall specify, among other things, the name of the court to which the appeal is taken.

And 12 V.S.A. § 2385 provides that "All facts found by any tribunal in actions or proceedings tried without a jury upon which an appealable judgment, order, decree or determination is rendered, shall be reduced to writing, unless waived by all parties, and shall be signed by a majority of the members of

the court or the presiding officer and filed with the clerk, register or secretary thereof, as the case may be; other facts or different facts at issue, shall not be considered by the reviewing court on appeal, except in connection with the admission or rejection of evidence, and except where such facts are determinable by the reviewing court as provided in section 2384 of this title . . . ."

In the *Gray* case, *supra,* we held that "Our review of the matter can overturn the result, in the absence of any other defects, only when the established facts do not support the result reached, or compel a different result as a matter of law."

■■ While the county court is a court of general jurisdiction in the first instance, its appellate jurisdiction is limited to only those cases where the statute specifically so prescribes. An appeal from the decision of the Board is limited to testing the correctness of the findings of the Board and its application of the law to the facts found as well as any errors arising during the hearing.

Jurisdiction to likewise review an appeal from the findings and decision of the Board does not lie in the county court. A dissatisfied claimant may appeal only to Supreme Court when it is desired to have the class of questions mentioned in section 2384 passed to the reviewing court for decision. This is our long established general appellate procedure. The legislature clearly expressed its intention to abolish the right of a trial *de novo* on an appeal from the decision of the Board and to establish the same appellate procedure as with county court, chancery court and other tribunals.

■ We hold that the review of the action of the Board and its decision is not a cause appealable to the county court either for a trial *de novo* or for an appellate review of the case.

Question 1 is whether the claimant was available for work and thus entitled to benefits under 21 V.S.A. § 1343. Although the determination of the question is not properly before us, we have carefully reviewed the record and are satisfied that there was sufficient competent evidence to support the determinations of the Board. It shows the claimant had a full, complete and fair hearing with the opportunity to present any evidence

586

available to him. In fact, the claimant, by his own testimony, has in effect conceded his substantive disentitlement to the benefits claimed under the act.

█ While the Unemployment Compensation Act must be given liberal construction to subserve its beneficent social policy, it is equally important that it not be administered or construed in a manner dissipative of moneys not intended by the legislature to be disbursed without satisfaction of specified prerequisites. See *Willard* v. *Unemployment Comp. Comm'n.*, 122 Vt. 398, 401, 173 A.2d 843; *Krauss* v. *Karagheusian, Inc.*, 13 N.J. 447, 454, 455, 100 A.2d 277 (1953).

*The answer to Question 1 is that claimant was not available for work and is not entitled to unemployment benefits under the unemployment compensation law; Questions 2 and 3 are each answered in the negative.*