## In re Peter E. Therrien

[325 A.2d 357]

No. 13-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed August 8, 1974

536　

*Michael J. Hertz, Esq.,* Vermont Legal Aid, Inc., Springfield, for Plaintiff.

*Raymond S. Fitzpatrick, Esq.,* for Department of Employment Security.

**Larrow, J.** Claimant appeals from a decision of the Vermont Employment Security Board under 21 V.S.A. § 1344(2), disqualifying him for unemployment compensation benefits for the weeks ending July 28, 1973, through September 1, 1973, on the ground that he had been discharged for misconduct connected with his work.

Employed for about three years as a packer by Cross Company, claimant was discharged July 19, 1973. The Claims Examiner found that he was discharged for misconduct connected with his work, *i.e.* excessive absenteeism without notice to or permission of his employer, after warnings. After hearing, this determination was reversed by the Appeals Referee, who found the absences to have been for good cause, with arrangements made to notify the employer. The Referee also found a denial of receipt of warning, and concluded the discharge was for the convenience of the employer, not misconduct. The Board, after hearing, reversed the Referee's decision, finding misconduct consisting of absenteeism on several occasions despite at least four warnings from the employer.

 Claimant here contends that the findings of four warnings is unsupported by the evidence; that regardless of warnings the conclusion of discharge for misconduct is erroneous as a matter of law; and, absent findings that his absences were not for good reason or that he failed to take appropriate steps to notify the employer, there is no basis for the conclusion of misconduct. We agree.

 We have reviewed with care the record on which the meager findings of the Board are based. It does not support the result reached, thus justifying overturn of the order made. *In Re Moore,* 128 Vt. 581, 269 A.2d 853 (1970). Even

disbelieving the contrary testimony of the claimant, there is credible evidence of only two warnings, one because of furnace breakdown and frozen pipes in his living trailer, and one for failure to notify the employer, which the Board found he had done on only one occasion, under extenuating circumstances. The finding that he was warned in July, 1973, the month he was discharged, is without evidentiary support.

It is true that claimant was absent from work 10–12 days in 1973, for various reasons. There is no finding, nor would one be supported, that these absences were not for good cause. Each time the employer was notified, except once when the claimant's sister forgot to call in as he had requested.

The claimant has the burden of showing his initial eligibility for benefits. *Willard* v. *Unemployment Compensation Commission,* 122 Vt. 398, 173 A.2d 843 (1961). That eligibility is not in issue here, and once established, the employer has the burden of showing the claimed disqualification for misconduct. *In Re Potvin,* 132 Vt. 14, 313 A.2d 25 (1973). Misconduct involves "substantial disregard of the employer's interest, either wilful or culpably negligent." *In re Gray,* 127 Vt. 303, 248 A.2d 693 (1968). There are no such findings here, nor would they be justified on the record. The Board found the several reasons which the claimant gave for his absences, but did not find whether they were true. If true, they would justify the absences, and there was no evidence they were not true.

Several prior decisions of the Board support the proposition that, to constitute statutory misconduct, absenteeism must carry with it a wilful disregard of the employer's interest. See also *Crib Diaper Service* v. *Board of Review,* 174 Pa. Super. 71, 98 A.2d 490 (1953), pointing out what seems to be the essential misconception of the Board below. Absenteeism which may well be grounds for discharge because of its adverse effects upon the employer is not necessarily misconduct. Absences in good faith, for good cause, with appropriate notice, are not misconduct. They may be grounds for discharge, but not for penalty. Substantial disregard for the employer's interest is not shown, and this is essential to a finding of misconduct. *Thompson* v. *Hygrade Food Products,* 210 N.E.2d 388 (Ind. App. 1965) ; *January* v. *Administrator,* 155 So.2d 250, (La. App. 1963).

We do not, in reversing the Board and reinstating the decision of the Appeals Referee, substitute our own conclusions for those of the Board on the evidence presented. We do so because the Board's findings are not supported by the evidence, and its conclusions are not supported by its findings. But we also note what appears to us to be of significance, that the claimant here, a valuable employee, had already notified the employer that he was quitting to move to Florida, that a replacement had been hired and partially trained, and that no notice of discharge was given until after all these events. It seems more than coincidence that the burden of his absenteeism did not become acute until then, some six weeks before the effective date of his resignation.

*The undated decision of the Vermont Employment Security Board, entered December 19, 1973, is reversed, and the cause is remanded for entry of a decision affirming the Findings and Decision of the Appeals Referee rendered September 20, 1973, in accordance with the views expressed herein.*