filed, the purported appeal is dismissed and the matter returned to the Vermont Real Estate Commission.

**CITY OF WINOOSKI v. Leonard MARTIN, No. 257-75**

June 9, 1976. There being no statutory authority for an appeal from the decision of the Winooski City Council, the purported appeal is dismissed.

(Motion for Reargument denied July 6, 1976.)

**Claire LATHROP v. DEPARTMENT OF EMPLOYMENT SECURITY, No. 320-75**

June 9, 1976. Judgment affirmed. *Kuhn* v. *Department of Employment Security*, No. 291-75 (April 6, 1975); *In re Therrien*, 132 Vt. 535, 325 A.2d 357 (1974).

**NORTHERN GAS, INC. v. Ronald GRIMES, No. 270-75**

June 15, 1976. In cases brought in Small Claims Court when the amount sought in a counterclaim exceeds the maximum jurisdictional amount and no motion for severance is made, the cause should be transferred to the regular District Court docket. Therefore, the judgment dismissing the counterclaim is reversed and execution on the judgment for the plaintiff is stayed pending trial on the counterclaim.

**IN RE EVERDALE RIDGE CORPORATION, No. 133-76**

June 15, 1976. Motion to Dismiss is granted.

**IN RE M. A. C., No. 137-76**

June 15, 1976. Motion for Expedited Appeal denied.

**Barbara F. O'CONNOR v. Paul L. O'CONNOR, No. 141-76**

June 15, 1976. Appeal dismissed as out of time, no application under V.R.A.P. 4 having yet been timely made.

**VERMONT LOW INCOME ADVOCACY COUNCIL v. GREEN MOUNTAIN POWER CORPORATION, Nos. 110-76 and 119-76**

Vermont Low Income Advocacy Council v. Central Vermont Public Service Corporation, No. 118-76

Vermont Low Income Advocacy Council v. Burlington Electric Department, No. 117-76

June 17, 1976. Purported appeals dismissed, on the ground that no final order is involved and permission under 30 V.S.A. § 12 was not obtained. V.R.A.P. 5(b).

**David VREELAND v. ESSEX LOCK, No. 148-75**