## Judith Gale v. Department of Employment Security

[385 A.2d 1073]

No. 235-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

*Elliot M. Burg,* Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*Michael F. Ryan,* Montpelier, for Defendant.

**Billings, J.** This is an appeal from a decision of the Vermont Employment Security Board. The Board denied appellant unemployment compensation benefits on the grounds that she left her "last employing unit voluntarily without good cause attributable to such employing unit." 21 V.S.A. § 1344(a)(2)(A).

In its decision, the Board found the following facts. For approximately six years prior to December 27, 1976, appellant was a bookkeeper in the employ of Gilmore Supply. Prior to October, 1976, she worked at home. She was allowed to set her own hours and was expected to accomplish all assigned work. Appellant averaged approximately forty hours per week; she was paid on an hourly basis.

In October, 1976, appellant's employer requested that appellant work on premises the following hours: 8:30 a.m. to 5 p.m., Monday, Tuesday, and Wednesday; 9 a.m. to 4 p.m., Thursday and Friday; 9 a.m. to noon on alternate Saturdays. Appellant worked this schedule for some two to three weeks before telling her employer that she could no longer work until 5 p.m. because of a problem regarding child care. The employer responded by shortening appellant's workday to 4 p.m., adjusting her pay accordingly.

On December 27, 1976, the employer went to the home of appellant and informed her that she could not meet the required hours "and she would have to be terminated." Appellant "left that day." Appellant testified before the appeals referee that she would have asked her mother to babysit the children had she known she would lose her job, although she never mentioned this to her employer.

From the facts, the Board concluded that appellant's separation from employment was, as a matter of law, a voluntary leaving under 21 V.S.A. § 1344(a)(2)(A). Particularly, the Board stressed appellant's failure to make any attempt to retain her position by informing her employer that her mother was available to babysit as a last resort enabling her to work until 5 p.m. In a conclusion not challenged by appellant, the Board also held that appellant was not available for work for the week ending January 8, 1977, and thus was disqualified from benefits for that week under 21 V.S.A. § 1343(a)(3).

Appellant raises two claims of error. First, appellant claims that there is no evidence in the record to support the Board finding that appellant "left [her job] that day, December 27, 1976." Secondly, appellant questions the Board's conclusion that appellant, as a matter of law, left her job voluntarily without good cause attributable to her employer.

▮ Mrs. Gale's employment relation was terminated on December 27, 1976. At the hearing before the appeals referee, the employer described this termination as follows: "I told Judy it would be impossible for me to continue her employment because she could not meet the hours that I had originally asked her to work. . . ." "I told her that she was unable to

meet the hours . . . , and it would be necessary that I let her go." "I told her that she could no longer work. . . ." "She didn't leave as such. She couldn't work the hours, so she was replaced." From our review of the record, we can find no evidence whatsoever supporting the Board's finding that appellant "left [her job] that day, December 27, 1976." The evidence instead supports the contrary finding that appellant was discharged. Thus, the Board's finding cannot stand. 3 V.S.A. § 809(g).

■ Moreover, we cannot agree with the Board that, as a matter of law, appellant quit her job voluntarily. Here the established facts lead only to one conclusion; appellant was discharged because she could not work the hours at one time requested by the employer. This does not evidence an intent to quit on the part of the appellant. Instead, it is clear that the employer's intent on December 27, 1976, was to fire appellant. Moreover, on December 27, the employer gave appellant a week's "separation pay," surely an indication that appellant was fired that day. See *Ladeau v. Department of Employment Security*, 134 Vt. 387, 389, 359 A.2d 648, 650 (1976). The established facts do not support the result reached by the Employment Security Board; rather, they "compel a different result as a matter of law." *In re Gray*, 127 Vt. 303, 305, 248 A.2d 693, 695 (1968). The Board's decision must be reversed.

*The judgment of the Employment Security Board imposing a disqualification upon the appellant on the grounds that appellant left her last employing unit voluntarily without good cause attributable to the employer is reversed. The cause is remanded for an award of benefits consistent with the views expressed herein.*