**Anton J. Przekaza v. Department of Employment Security**

[392 A.2d 421]

No. 317-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*Elliot M. Burg*, Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*Michael F. Ryan*, Montpelier, for Defendant.

**Daley, J.** The plaintiff appeals from a decision of the Vermont Employment Security Board disqualifying him from unemployment compensation benefits because he had voluntarily left his last employment without good cause attributable to his employing unit. 21 V.S.A. § 1344(a)(2)(A). The questions certified to this Court pursuant to V.R.A.P. 13(d) present the general issues of whether the evidence before the Board reasonably tends to support its findings and whether the findings in turn support the Board's conclusions and decision.

The Board made the following findings of fact. The plaintiff had been employed as a driver by the Rutland Mental Health Service, Inc. for nearly two years prior to his last day of work on June 10, 1977. On October 15, 1975, after he had been hired but before he began work, plaintiff was involved in an incident resulting in a driving while intoxicated charge. From the date of the incident until the date of his conviction and license revocation on June 7, 1977, he kept his supervisor informed of the status of the charge against him. Commencing on June 10, 1977, plaintiff went on leave status for two weeks during which period he sought unsuccessfully to have his license reinstated. Also during this period his employer drafted a letter of resignation and advised the plaintiff to sign it should his attempt to retain his license fail. Plaintiff initially refused to sign the letter but subsequently agreed when he was informed that his vacation pay would be withheld until he did so.

The Board concluded that the plaintiff left his last employment voluntarily without good cause "by voluntarily entering into conduct which resulted in losing his driver's license." We note that other jurisdictions have employed this rationale. We find, however, no reason to so construe our statute given its unambiguous statement of legislative policy that an individual shall be disqualified from unemployment compensation, pending compliance with a service requirement, in only three instances:

(1) Where he has left his last employer voluntarily without good cause attributable to such employing unit.

(2) Where he has been discharged for gross misconduct connected with his work.

(3) Where he has failed, without good cause, to apply for or accept suitable work.

The defendant asks us in effect to rewrite the statute by adding a fourth instance of disqualification, where an employee has been discharged for misconduct *not* connected with his work. This we will not do, especially in light of the fact that the defendant knew of the misconduct before the plaintiff began work.

The record is devoid of any evidence that the plaintiff intended to quit his job. On the contrary, the facts establish that the plaintiff was discharged when the revocation of his license made it impossible for him to perform his job as a driver. The facts as found below do not support the result reached by the Board but compel a different result as a matter of law. *Gale v. Department of Employment Security,* 136 Vt. 75, 385 A.2d 1073, 1075 (1978). The decision of the Board based on an erroneous conclusion of law must, therefore, be reversed.

*The judgment of the Employment Security Board imposing a disqualification upon the plaintiff on the ground that plaintiff left his last employing unit voluntarily without good cause attributable to the employer is reversed. The cause is remanded for an award of such benefits as to which the plaintiff may be entitled.*