### Carl Chamberlin v. Department of Employment Security

[396 A.2d 140]

No. 170-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed December 12, 1978

*Wendy A. Kaplan,* Vermont Legal Aid, Inc., Montpelier, for Plaintiff.

*Michael F. Ryan,* Montpelier, for Defendant.

**Per Curiam.** The plaintiff, Carl Chamberlin, appeals from a decision of the Vermont Employment Security Board disquali-

fying him from unemployment benefits on the ground that he voluntarily left his last employment without good cause attributable to his employing unit. 21 V.S.A. § 1344(a)(2)(A).

In July, 1977, plaintiff was employed as a laborer by Farr's Tree Service. Prior to his employment, the plaintiff had committed the offense of breaking and entering, an offense not in any way connected with his subsequent employment. Approximately one week prior to plaintiff's appearance in court on criminal charges, he informed his employer of the pending action. His employer did not discharge him. The plaintiff was convicted and sentenced to three months' imprisonment, and on December 1, 1977, plaintiff's employment was terminated by reason of his incarceration. The day after Mr. Chamberlin was released from jail, his employer advised him that there was no work, but that he would rehire him in the spring when the tree work again commenced.

The Employment Security Board disqualified Mr. Chamberlin for benefits by concluding that he voluntarily left his last employing unit without good cause attributable to the employing unit. The Board reasoned that it was Mr. Chamberlin's voluntary act that brought about his incarceration and consequent inability to work, and that this fact brought Mr. Chamberlin's case within the statutory disqualification. This argument was rejected in *Przekaza* v. *Department of Employment Security,* 136 Vt. 355, 392 A.2d 421 (1978). In that case, the plaintiff, employed as a driver, became unable to carry out his employment due to the suspension of his driver's license upon conviction for driving while intoxicated. The Board concluded that plaintiff left his last employment voluntarily without good cause "by voluntarily entering into conduct which resulted in losing his driver's license." *Przekaza* v. *Department of Employment Security, supra,* 136 Vt. at 356, 392 A.2d at 422.

The Court examined the unemployment compensation statute, 21 V.S.A. § 1344, and noted that an employee could only be disqualified from receiving benefits in three instances, these being where he had left his last employer voluntarily without good cause attributable to such employing unit, where he had been discharged for gross misconduct connected with his work, and where he had failed without good cause to apply for

or accept suitable work. We refused at that time to read into the statute a fourth disqualification for misconduct unconnected with the employment, and we refuse to do so now. Any such interpretation of the statute would be especially inappropriate in light of the Legislature's amendment of 21 V.S.A. § 1344 in 1974 to eliminate as a ground of disqualification an employee's conviction upon a felony committed after the time of previous employment, whether connected with the employment or not.

*Przekaza* v. *Department of Employment Security, supra,* is dispositive of this appeal. Mr. Chamberlin did not intend to quit his job, and cannot be disqualified from benefits by the termination of his employment on the basis of misconduct not connected with his work.

*Judgment disqualifying plaintiff from benefits reversed, and cause remanded for appropriate computation and award of benefits.*