**Leon Wheeler v. Department of Employment Security**

[421 A.2d 1315]

No. 178-79

Present: Daley, Larrow, Billings and Hill, JJ., and Smith, J. (Ret.),
Specially Assigned

Opinion Filed September 16, 1980

*James M. Libby, Jr.,* Vermont Legal Aid, Inc., Montpelier, for Plaintiff.

*Brian R. Lyford* and *Peter J. Monte* of *Young & Monte,* Northfield, for Northfield Wood Products, Inc.

*Brooke Pearson* and *Matthew R. Gould,* Montpelier, for Department.

■ Hill, J. From a decision by the Vermont Employment Security Board (Board) in favor of claimant, the employer appeals. We affirm.

The claims examiner disqualified claimant for unemployment compensation benefits, having found that he was discharged by his last employing unit for work-related misconduct. 21 V.S.A. § 1344. This ruling was upheld by the appeals referee. Claimant appealed to the Board, which, after hearings, made findings of fact and conclusions resulting in a reversal.

The Board found, without objection, that claimant had been employed for three and one-half years by the Northfield Wood Products Co., Inc. (employer). During that time, he received several verbal warnings and a three day suspension for activities related to his work. On the day of his discharge, claimant was receiving strips of walnut being cut on a ripsaw by a co-worker. Claimant's foreman had set the saw so that it would cut the stock in question to certain dimensions. After a few pieces had been cut, claimant told the foreman that the stock was too large, but the foreman gave orders to continue cutting. Claimant was discharged at the end of that day for cutting a quantity of the stock too large.

The employer claims first that the findings and evidence do not support the Board's conclusions and second that the Board failed to make proper findings of fact and conclusions thereon and did not provide appellant with proper notice of its findings, conclusions, ruling of law and decision pursuant to 21 V.S.A. § 1349.

In finding that the employer had not satisfied its burden of establishing grounds for disqualification for unemployment compensation benefits, the Board wrote: "[T]he employer has not shown that the conduct of the claimant amounted to a substantial disregard, either willful or culpably negligent, of the employer's business interests which constitutes disqualifying misconduct. Further, the prior warnings given by the employer to the claimant were in no way related to his alleged final infraction. Consequently, they may not be used as a basis for saying that the claimant was or should have been on notice that his actions (on the day of his firing) could lead to his discharge."

■ A finding of misconduct must be supported by evidence of substantial disregard of the employer's interests in order to find disqualification for unemployment benefits. 21 V.S.A. § 1344(2), construed in *In re Therrien,* 132 Vt. 535, 537, 325 A.2d 357, 358 (1974); *In re Gray,* 127 Vt. 303, 305–06, 248 A.2d 693, 695 (1968). Concerning proof of the requisite support, this Court has noted: "Findings are sufficient if they dispose of the issues presented and make a clear statement of the trier's decision and the basis upon which that decision was made." *Frost* v. *Department of Employment Security,* 135 Vt. 39, 40, 370 A.2d 203, 204 (1977). The burden is on the excepting party to show reversible error. *Crawford* v. *State Highway Board,* 130 Vt. 18, 25, 285 A.2d 760, 764–65 (1971). Construing the record in a manner most favorable to the Board's conclusions, *id.* at 25, 285 A.2d at 764, we find that the appellant has not met its burden. While adverse effect upon the employer may be grounds for discharge, see *In re Therrien, supra,* 132 Vt. at 537, 325 A.2d at 358, it is not necessarily sufficient to support disqualification for unemployment benefits.

■ Appellant also claims that a reversal of the Board's decision is required because certain conclusions in its opinion

were not supported by express findings as required by 21 V.S.A. § 1349. We agree that the Board was lax in delineating specific findings in support of various conclusions reached in its decision. However, the mere fact that a finding of fact is actually a conclusion of law concerning the issue to be decided is a harmless error if the finding is sustained by other facts sufficient to support the conclusion. *LaFountain* v. *Vermont Employment Security Board,* 133 Vt. 42, 45, 330 A.2d 468, 470 (1974). The findings cited by claimant, relating to the value and quantity of the materials allegedly spoiled and the normally accepted tolerances in variations, are secondary to the decision. The ultimate findings relating to the issue of substantive disregard of the employer's interests were supported by the record made by the Board and justified the conclusions reached.

*The order of the Employment Security Board is affirmed.*