## Donald Ovaitte v. Department of Employment and Training (New England Label Corp., appellant)

[530 A.2d 578]

No. 85-169

Present: Allen, C.J., Hill and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 12, 1987

*Joan Bauer* and *John McCullough*, Vermont Legal Aid, Inc., Montpelier, for Plaintiff-Appellee.

*Cheney, Brock & Saudek, P.C.*, Montpelier, for Defendant-Appellant.

**Per Curiam.** This is an appeal from a decision of the Employment Security Board that found the claimant was qualified for unemployment compensation because he was not discharged for "gross misconduct." We affirm.

The claimant, Donald Ovaitte, was employed as an office employee by the appellant, New England Label Company. The company had a posted work rule that stated: "An employee who chooses not to take a half hour lunch break will have his standard eight hour day terminate at 4:00 P.M." Ovaitte's normal work day lasted from 8:00 A.M. until 4:30 P.M.

The claimant is a member of the World-Wide Church of God. He observes the sabbath commencing at sundown Friday and ending at sundown Saturday. Beginning in November, and continuing for a period of eight to ten weeks, Ovaitte sought to leave work, on Fridays, one-half hour early in order to observe the sabbath in accordance with his religious beliefs. His plan to forgo his lunch break and leave early was in conformity with the company's posted work rule. Nevertheless, the company claimed the work rule was only applicable to shop employees and not office employees. The company found the request unreasonable and, as a result of his absences, discharged Ovaitte for misconduct connected with his work.

"Misconduct involves 'substantial disregard of the employer's interest, either wilful or culpably negligent.' " *In re Therrien*, 132 Vt. 535, 537, 325 A.2d 357, 358 (1974) (quoting *In re Gray*, 127 Vt. 303, 305-06, 248 A.2d 693, 695 (1968)). Because the company's posted work rule did not distinguish between shop and office employees, the claimant was justified when he relied on the work rule and requested permission to depart work early. The claimant had made arrangements to forgo his lunch break in accordance with the company's stated rules. Therefore, he cannot be said to have substantially disregarded the employer's interest. See *id.*

"Absences in good faith, for good cause, with appropriate notice, are not misconduct. They may be grounds for discharge, but not for penalty." *Id.* Ovaitte's absences from work were for good

cause, with appropriate notice, and were in good faith compliance with the company's work rule. Thus, there are no grounds for disqualifying him from unemployment compensation benefits.

"In cases relying on misconduct as basis for discharge, the burden of proof is upon the employer." *Cooley* v. *Department of Employment Security*, 138 Vt. 211, 212, 414 A.2d 1154, 1155 (1980); *In re Therrien*, 132 Vt. at 537, 325 A.2d at 358. We conclude, in light of the company work rule, that the employer has failed to meet the burden of proof sufficient to show that the claimant's absences constituted misconduct connected with his work.

*Affirmed.*