*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-019

JULY TERM, 2011

| | | |
|---|---|---|
| George Brott | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 09-10-103-11 |
| (J.A. McDonald, Inc.) | } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the denial of his claim for unemployment benefits. We reverse and remand for additional findings.

Claimant was employed as a mechanic for employer for approximately four months. He was discharged on July 29, 2010, for misusing company-owned property. Following a hearing, an Administrative Law Judge made findings and conclusions, all of which the Employment Security Board adopted. The Board thus found that claimant used a company-owned loader to load five truckloads of gravel tailings onto a friend's dump truck for use on claimant's property. Claimant also used a company-owned backhoe to clear a blocked culvert on his property. When employer discovered claimant's behavior, claimant was fired.

Based on these findings, the Board concluded that claimant was disqualified from receiving unemployment benefits under 21 V.S.A. § 1344(a)(2)(B) because he had been discharged for gross misconduct connected to his work. The Board stated that under Vermont's unemployment law, employer needed to demonstrate by a preponderance of the evidence that claimant's actions were in substantial disregard of employer's interests, either willfully or in a culpably negligent manner. See In re Gray, 127 Vt. 303, 305 (1968). In this case, claimant admitted using two company-owned pieces of equipment for personal work. Although the personal work was not done on company time, claimant was nonetheless using very expensive machinery to perform work on his own property. By using company-owned equipment without the express permission of the company, the Board concluded that claimant's actions were not only in substantial disregard of his employer's interests, but also rose to the level of gross misconduct because he was using his unique position with the company to provide a benefit to himself. Thus, because employer met its burden of proof, the Board found claimant disqualified from receiving benefits. This appeal followed.

On appeal, claimant complains that employer provided only hearsay testimony. Claimant also asserts that there was insufficient evidence to show that his actions were deliberate.

While we find these arguments unpersuasive, we must reverse and remand because the Board did not apply the recently amended statutory definition of "gross misconduct." See 2009, No. 124 (Adj. Sess.), § 7. The Board instead applied what appears to be a less stringent standard derived from case law. Effective May 24, 2010, "gross misconduct" is specifically defined as:

> conduct directly related to the employee's work performance that demonstrates a flagrant, wanton, and intentional disregard of the employer's business interest, and that has direct and significant impact upon the employer's business interest, including but not limited to theft, fraud, intoxication, intentional serious damage to property, intentional infliction of personal injury, any conduct that constitutes a felony, or repeated incidents after written warning of either unprovoked insubordination or public use of profanity.

21 V.S.A. § 1344(a)(2)(B); see 2009 , No. 124 (Adj. Sess.) § 15. The Board did not make any findings with respect to this definition, and we cannot do so in the first instance. We therefore reverse and remand for additional findings. See Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.) (noting that, on review, this Court will uphold Board's conclusions of law only if they are fairly and reasonably supported by findings).

Reversed and remanded.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice