VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-281

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2024

| | |
|---|---|
| David DeGrechie\* v. Department of Labor } (Chuck's Heating & Air Conditioning, Inc.)  } | APPEALED FROM: |
| } | Employment Security Board |
| } | CASE NO. 02-23-047-01 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals an Employment Security Board decision concluding that he was discharged from employment for misconduct associated with his work and is therefore disqualified from receiving certain unemployment benefits.  We affirm.

The record indicates the following.  Claimant applied for unemployment benefits after he was discharged from his employment at Chuck's Heating & Air Conditioning, Inc.  A Department of Labor claims adjudicator reviewed his claim and determined that he was discharged for misconduct connected with his work because his continued absenteeism or tardiness, despite warnings, showed substantial disregard for employer's business interests.  As a result, the claims adjudicator concluded that claimant was disqualified from benefits for a period of weeks and subject to a maximum-benefit cap under 21 V.S.A. §§ 1340(b) and 1344(a)(1)(A).  Claimant appealed the determination to an administrative law judge (ALJ).

After a hearing at which claimant and employer each presented evidence, the ALJ issued a written decision affirming the claims adjudicator's determination.[*]  Claimant appealed to the Board.  The Board issued a written decision containing the following modified factual findings.  See 21 V.S.A. § 1332 (providing that Board may modify ALJ's findings and conclusions "[u]pon the basis of evidence previously submitted in the case").

---

[*] The ALJ made findings about an October 2022 incident involving claimant and a coworker not mentioned in the underlying determination and concluded that claimant's behavior on this occasion was also a basis for his discharge for misconduct connected to his work.  However, the Board concluded only that claimant was discharged for misconduct associated with his employment due to excessive absenteeism.  See 21 V.S.A. § 1332 (authorizing Board to modify ALJ's conclusions).  Because the Board decision claimant appeals does not rest on findings about the October 2022 incident, we do not discuss it further or consider claimant's arguments relative to the incident.

Claimant worked full-time for employer as a field supervisor prior to his November 2022 discharge. Employer did not have a progressive discipline policy, and its attendance policy—which claimant had acknowledged—warned that "excessive absenteeism or tardiness will result in discipline, up to and including termination." From the beginning of August 2022 through early November of that year, claimant incurred seventeen "unexcused" absences, only two of which were attributable to illness. The absences were considered unexcused because claimant did not provide at least two weeks' advance notice. Instead, claimant generally informed employer in the morning that he would not be coming to work that day. Claimant was staying in employer-provided hotel accommodations during many of these absences. He believed that employer had instructed employees to take more time off due to business being slow. However, claimant's superiors spoke to him about his inconsistent attendance during this period, informing him that it was negatively impacting the projects he was tasked with supervising.

On the basis of these findings, the Board affirmed the ALJ's conclusion the employer met its burden to demonstrate that claimant was discharged for misconduct associated with his employment. This appeal followed.

In the absence of a clear showing to the contrary, decisions within the Board's expertise are presumed "correct, valid, and reasonable." Bouchard v. Dep't of Emp. & Training, 174 Vt. 588, 589 (2002) (mem.). "We will affirm the Board's findings if they are supported by credible evidence, even if there is substantial evidence to the contrary[,]" and will affirm its conclusions where fairly and reasonably supported by the findings. St. Martin v. Dep't of Labor, 2012 VT 8, ¶ 6, 191 Vt. 577.

Employer bore the burden of showing that claimant was discharged for misconduct connected with his work. Allen-Pentkowski v. Dep't of Labor, 2011 VT 71, ¶ 6, 190 Vt. 556 (mem.). Such misconduct disqualifies a claimant for benefits only if it exists "in substantial disregard of the employer's interest," with such disregard being "either willful or culpably negligent." Favreau v. Dep't of Emp. & Training, 151 Vt. 170, 172 (1989). Thus, we have explained that "to constitute statutory misconduct, absenteeism must carry with it a wil[l]ful disregard of the employer's interest." In re Therrien, 132 Vt. 535, 537 (1974).

The Board concluded that employer met its burden because it showed that claimant persisted in calling out of work without notice in the face of warnings that his unexcused absences were negatively impacting the projects he was assigned to supervise. On appeal, claimant does not challenge this conclusion, but instead argues that employer's witnesses testified untruthfully. Claimant asserts that: (1) for each of his absences, he called out sick; (2) as a result of his sicknesses, he could not give two weeks' notice; (3) he was told to take time off during the period in question because work was slow; and (4) he accrued substantial vacation time and therefore could not have been frequently absent.

These arguments implicate the Board's findings about the nature and frequency of claimant's absences and his knowledge of the impact they were having on employer's interests. However, each of those findings are supported by credible evidence. See St. Martin, 2012 VT 8, ¶ 6. The record includes a payroll calendar which reflects that, during the months in question, claimant was marked "out sick" on only two days, while the remainder of his seventeen absences without notice were designated "unexcused absence" or "vacation unexcused." Employer presented testimony from an employee who works in human resources and payroll; she explained that employees are marked "out sick" on the payroll calendar based on the information

2

they enter in their timecards. Claimant's own testimony did not support his assertion that he called out sick during each of his unexcused absences. Though he testified to taking days off due to illness, he also testified to taking days off to "deal with some things." His testimony that he took time off because employer encouraged employees to do so due to a lack of work cannot be reconciled with a conclusion that claimant took time off only because he was ill. Crucially, though the Board found that claimant believed he was instructed to take time off, it did not find that claimant believed he was instructed to take time off without giving advance notice. Instead, it found that claimant was on notice that his unexcused absences were negatively impacting the projects he supervised but nonetheless persisted in calling out in the morning on days he was scheduled to work. As employer's witness explained in distinguishing between vacation days taken with and without notice, when an employee does not give notice, employer cannot ensure that there is adequate coverage for the project to which the employee is assigned.

Thus, the Board's findings were not clearly erroneous. See Kelley v. Dep't of Labor (Maple Leaf Farm Ass'n, Inc.), 2014 VT 74, ¶ 6, 197 Vt. 155 ("We will uphold the Board's findings of fact unless they are clearly erroneous[.]"). Though claimant argues that employer's witnesses testified untruthfully, the credibility and persuasive effect of evidence are for the trier of fact to determine, and "we do not reweigh the evidence on appeal." Worrall v. Dep't of Labor, 2022 VT 46, ¶ 15; see also Cook v. Dep't of Emp. & Training, 143 Vt. 497, 501 (1983).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

3