VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        24-AP-284



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

| | |
|---|---|
| Keren Sita\* v. Department of Labor | }    APPEALED FROM: |
| | }    Employment Security Board |
| | }    CASE NO. 12-23-020-01 |

In the above-entitled cause, the Clerk will enter:

Claimant Keren Sita, self-represented, appeals an Employment Security Board order concluding that she was ineligible to receive unemployment compensation benefits for a one-week period during which she failed to participate in required reemployment services. We affirm.

At issue in this appeal is 21 V.S.A. § 1343(a), a provision of Vermont's Unemployment Compensation Law setting forth conditions a claimant must satisfy to "be eligible to receive benefits with respect to any week." Among other things, a claimant must be "available for work" and "participate[] in reemployment services, such as job search assistance services, if the individual has been determined to be likely to exhaust regular benefits and needs reemployment services pursuant to a profiling system established by the Commissioner" of the Department of Labor. Id. §§ 1343(a)(3)(A), (a)(6), 1301(2). "In determining the availability of any individual for work during any week," the Commissioner or his authorized representative "may require . . . that the individual participate in reemployment services." Id. §§ 1343(a)(3)(A), 1301(2). Pursuant to § 1343(a)(3)(B), a claimant who fails to participate in such services "without good cause . . . shall be ineligible for each week the failure continues."

Under this provision, a Department claims adjudicator concluded that claimant was ineligible for benefits in the week ending on November 25, 2023. The determination explained that claimant was scheduled to complete a mandatory online Re-Employment Services and Eligibility Assessment (RESEA) program orientation assessment by November 20, 2023, but did not do so until November 29, 2023, resulting in a weeklong period of ineligibility.

Claimant appealed the adjudicator's determination to an administrative law judge (ALJ), who held an evidentiary hearing. Claimant did not object to the admission of exhibits provided by the Department, and each was entered into the record. Claimant initially testified that she was not notified of the RESEA orientation assessment requirement until after the November 20 deadline had passed and her claims had been denied based on her failure to participate. The ALJ asked claimant about one of the Department's exhibits—observing that this "claimant inquiry notepad" appeared to reflect that claimant called the Department on November 13, 2023, and

indicated that she was upset by the requirement that she participate in RESEA to receive benefits. Claimant responded that during this call, she was attempting to ensure that she was not selected to participate in the program for biased or discriminatory reasons. The ALJ asked claimant to clarify when she learned of the requirement, noting that the exhibit seemed to reflect that the Department had given claimant advance notice of her selection and the November 20 deadline. In response, claimant stated that she could not recall when or how she learned of the orientation assessment requirement and corresponding deadline. She ultimately testified that the reason she did not complete the orientation assessment before November 20 was because she needed additional time to determine whether the RESEA selection process was fair before fully committing to the program.

The ALJ subsequently issued a written decision finding that claimant was required to complete the RESEA orientation assessment by November 20, 2023, but did not do so until November 29, 2023, because she had concerns of racial discrimination. The ALJ concluded that timely completion of the orientation assessment was a prerequisite for claimant's continued receipt of benefits under § 1343(a)(3) and (6), and therefore affirmed the denial of her claims for the one-week period at issue.

Claimant appealed to the Board, where she argued that her delay in completing the orientation assessment was necessary to accommodate her investigation of the RESEA selection process. After reviewing the record evidence, the Board adopted the ALJ's findings and conclusions. In its decision, the Board recognized the serious nature of claimant's concerns about the selection process but found no evidence of discrimination or bias in the record and, as a result, no basis to backdate claimant's eligibility. In other words, the Board effectively concluded that on this record, claimant's desire to perform an investigation before engaging with the RESEA program did not constitute "good cause" for her failure to satisfy the orientation assessment deadline within the meaning of § 1343(a)(3)(B). This appeal followed.

"Our review of Board decisions is limited." Blue v. Dep't of Lab., 2011 VT 84, ¶ 6, 190 Vt. 228. This Court will uphold the Board's factual findings unless clearly erroneous, and its conclusions if reasonably supported by those findings. Worrall v. Dep't of Lab., 2022 VT 46, ¶ 11, 217 Vt. 240. We generally defer to the Board's interpretations of the statutes it is charged with administering and presume that decisions within its expertise are correct absent "a clear showing to the contrary." 863 To Go, Inc. v. Dep't of Lab., 2014 VT 61, ¶ 8, 196 Vt. 551.

Claimant first argues that the Department violated her state and federal constitutional rights to procedural due process by failing to provide her with clear, accessible, written information about the RESEA orientation assessment and the deadline for its completion, resulting in a denial of benefits based on her failure to fulfil an obligation of which she was allegedly unaware. She further suggests that the lack of adequate notice may have been intentional and discriminatory in nature.

Claimant did not, however, raise this issue below. To preserve an issue for our review on appeal, a party must first present it to the administrative agency "with specificity and clarity in a manner which gives the agency a fair opportunity to rule on it." Pratt v. Pallito, 2017 VT 22, ¶ 16, 204 Vt. 313 (alteration and quotation omitted). Claimant's argument before the ALJ that she lacked appropriate notice was abandoned on appeal to the Board and, in any event, insufficiently specific to preserve the procedural-due-process claim she seeks to raise on appeal. See, e.g., State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994) (holding that mere mention of fair warning below was insufficient to preserve due-process claim for appeal and therefore declining to address it). To the extent claimant seeks to raise a separate notice argument—independent of

her procedural-due-process claim—this argument is likewise unpreserved: before the Board, claimant argued only that she did not complete the orientation assessment because she needed additional time to investigate her concerns of discrimination and bias. She did not renew her contention that she lacked notice. Because these arguments are therefore unpreserved, we do not address them.[*] Pratt, 2017 VT 22, ¶ 16.

The same is true of claimant's argument that the Department abused its discretion and engaged in "administrative gaslighting" by allegedly dismissing her inquiries about the RESEA selection process and orientation requirements. Because claimant did not raise this contention before the agency below, it is not preserved for our review on appeal. Id.

Finally, claimant contends that the Board's decision should be reversed because the record suggests that the Department engaged in unlawful discrimination by selecting her for participation in RESEA based on her status as a Black woman experiencing housing insecurity. Claimant does not, however, identify any specific portion of the record supporting this assertion. See V.R.A.P. 28(a)(4)(A) (requiring that appellant's principal brief include argument containing "appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"); see also Pcolar v. Casella Waste Syst. Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (explaining that self-represented litigants must satisfy minimum briefing standards of Rule 28(a)(4)). The only record evidence we can identify regarding the basis for claimant's selection is her own testimony before the ALJ, in which she explained that she determined the profiling process was fair:

> [O]nce I . . . took the steps to figure out that this was a fair and non-discriminatory way that I was selected, that's when I fully participated. . . . I do believe that I reserve the right to determine that there was fairness in the selection criteria. And once I determined that[,] I engaged actively and actually had no problem and felt like the program was rewarding. But I had to determine that they weren't selecting me for their own discriminatory reasons.

Because the record does not support the factual predicate on which claimant's argument is based, we do not reach her related legal contentions.

To the extent claimant seeks to raise additional arguments—for example, through reference to unspecified "procedural irregularities" below—we are unable to address them because they are inadequately briefed. See V.R.A.P. 28(a)(4)(A); Pcolar, 2012 VT 58, ¶ 19.

---

[*] We observe, however, that inherent in the Board's finding that claimant did not timely complete the orientation assessment because she had concerns of bias is a finding that claimant had actual notice of this requirement and the accompanying deadline. See Bouchard v. Dep't of Emp. & Training, 174 Vt. 588, 589 (2002) (mem.) ("In reviewing the Employment Security Board's action, this Court must, if possible, construe the Board's findings so as to support the judgment."). This finding is supported by record evidence. As discussed above, claimant's testimony on this point was, at best, equivocal. And as the ALJ pointed out at the hearing, the "claimant inquiry notepad" submitted by the Department—and admitted without objection— reflected that claimant had timely notice of the orientation assessment requirement, the deadline for its completion, and the consequences for failure to meet that deadline. The weight, credibility, and persuasive effect of this evidence was for the Board in its role as factfinder. Cook v. Dep't of Emp. & Training, 143 Vt. 497, 501 (1983).

Claimant has identified no basis to disturb the Board's decision that she was ineligible for benefits during the one-week period at issue.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice

4