CARL M. STREETER'S DEPENDENTS *v.* EDGAR H. HUNTER ET AL.

October Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and
MOULTON, Supr. J.

Opinion filed November 14, 1919.

*Hearsay Evidence Admitted Without Objection—Depositions—
Notice to Nonresident Party's· Attorney—Nonresidence of
Party Must Appear—Presumption that Court Passed Upon
Question of Residence—Deposition Wrongfully Excluded—
Reversible Error.*

Hearsay evidence admitted without objection was properly considered.

The right to use a deposition in evidence is wholly statutory, and all
the essential requirements of the statute, including notice to the
adverse party, must be complied with, and it is only when the
party to be notified resides without the State that service can law-
fully be made. on his attorney.

To make a notice to a nonresident party's attorney of the taking of a
deposition effective, such nonresidence must be made to appear,
and this is usually shown by the officer's return of the service of
the citation, but it may be shown, as it was in this case, in the body
of the citation.

A citation to take a deposition is a formal notice, and it can be made
to run against a nonresident party's attorney as well as against the
party.

The question of residence is a preliminary question of fact for the trial
court, and ordinarily it will be assumed, in support of the ruling
below, that the trial court found this fact against the excepting
party, but not where, as here, the transcript is referred to and
made controlling, and from it it appears that this question was
not passed upon below.

Where a deposition which contained testimony upon the vital issue
in the case should have been admitted, its exclusion was reversible
error.

APPEAL from an award of the Commissioner of Industries
under the Workmen's Compensation Act. Trial by jury at the

October Term, 1918, Windsor County, *Slack*, J., presiding. Verdict and judgment for the plaintiffs. The defendants excepted. The opinion states the case.

*Roland E. Stevens* for the defendants.

*William Batchelder* and *Charles Batchelder* for the plaintiffs.

POWERS, J.    This is an appeal from the award of the Commissioner of Industries brought to this Court by exceptions taken by the defendants during a jury trial which resulted in a verdict for the plaintiffs. By agreement of the parties—the minor children being represented by the secretary of the Board of Charities and Probation, as guardian *ad litem*—the only question submitted to the jury was, "Did Carl M. Streeter, the deceased, on the 17th day of July, 1917, while in the employ of defendant Hunter, receive personal injuries by accident arising out of and in the course of his employment, which were the proximate cause of said Streeter's death on the 30th day of July, 1917?" The only question litigated was whether Streeter received his injury on July 17th, on which day it was agreed he was at work for Hunter, or on July 16th, on which day it was agreed he was at work for himself.

To prove that the accident occurred on the 17th, certain hearsay evidence was admitted; but all this came in without objection, and was therefore for consideration. *Pocket* v. *Almon*, 90 Vt. 10, 96 Atl. 421. This the defendants do not question, but they argue that *all* the evidence to this point was hearsay, and that in such a case the award cannot stand. In support of this proposition they cite *Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435, 113 N. E. 507, Ann. Cas. 1918B, 540, and might have cited *Belcher* v. *Carthage Mach. Co.*, 224 N. Y. 326, 120 N. E. 735, and *McCauley* v. *Imperial Woolen Co.*, 261 Pa. 312, 104 Atl. 617. But the transcript before us shows that the finding of this jury did not stand on hearsay, alone. Mrs. Streeter testified that it was on the morning of the 17th that her husband came home from his work with a freshly wounded finger, and that no such injury was received by him on the day before. Mrs. Lawrence, too, gave evidence tending to show that Streeter's finger was un-

injured on the evening of the 16th, and also before he went to work on the morning of the 17th.

The defendants offered in evidence the deposition of David Wing. This was objected to for want of notice and excluded. The defendants excepted. This deposition was taken at Lebanon, New Hampshire, before a justice of the peace. A citation signed by a Vermont notary public, and served by a Vermont officer is attached to it and referred to in the notary's certificate. This citation commands the officer to notify "William Batchelder, Esq., of Woodstock, * * * attorney for Rose M. Streeter, a non-resident of the State of Vermont," and the return thereon merely shows that the officer served it upon "the within named William Batchelder, attorney." No other notice was shown.

The right to use a deposition in evidence is wholly statutory, and all the essential requirements of the statute must be complied with. *Clark's Admr.* v. *Wilmington Savings Bank,* 89 Vt. 6, 93 Atl. 265. Of these, that of notice to the adverse party is of prime importance. This requirement is covered by G. L. 1917, and it is only when the party to be notified resides without the State that service can lawfully be made on his attorney. *Domenchini's Admr.* v. *Hoosac T. & W. Railroad,* 90 Vt. 451, 98 Atl. 982. Such nonresidence must be made to appear; otherwise the deposition is not admissible. The usual and approved method of showing this fact is by the return of the officer who makes service of the citation. But this is not the only way it may be shown. It may be shown, as it was in this case, in the body of the citation. In either of these cases it is a fact asserted by a public officer acting in the course of his duty, and amounts to *prima facie* evidence of the fact asserted.

Nor was it fatal to the admissibility of this deposition that the citation ran against the attorney. It was merely a formal notice, which was to be served upon the attorney, and which might as well be made to run against him as against the party, herself.

The question of residence was, however, open to investigation by the trial court as a preliminary question of fact; and ordinarily we might be required, in support of the ruling below, to assume that the court found this fact against the defendants. But the transcript is referred to and made controlling, and from it it appears that this question was not considered or passed upon below.

The deposition should have been admitted, and since it contains testimony upon the vital issue in the case, its exclusion was reversible error.

As against the exception saved, there was no error in receiving the testimony of the witness Pease.

*Judgment reversed, and cause remanded.*