## Kenneth E. Bourn v. Department of Employment Security

[365 A.2d 253]

No. 323-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*Steven R. Edelstein,* Rutland, for Plaintiff.

*George J. Malinsky,* Shrewsbury, for Merrill Transp. Co.

*Raymond S. Fitzpatrick,* Montpelier, for Defendant.

Per Curiam. The claimant Bourn, a truck driver for Merrill Transportation Company, was discharged for allegedly exceeding the speed limit in violation of the employer's adequately publicized policy. Bourn was disqualified by the referee for unemployment benefits on the ground of misconduct connected with his work amounting to a willful disregard of the company's business interests. 21 V.S.A. § 1344(a)(1). The Employment Security Board reversed and granted the employee benefits on the basis that there was no showing of a willful violation of company policy or any intentional or careless disregard of the employer's interests. Employer Merrill Transportation Company appeals.

The Board found that the only misconduct alleged was a violation of company policy concerning the speed of operation of the employer's vehicles. That allegation was dependent upon the accuracy of recordings from tachographs which on at least one occasion were discovered to be defective. The bur-

den of proof as to the accuracy of the tachographs was on the employer. *In re Therrien,* 132 Vt. 535, 325 A.2d 357 (1974). The burden of proof was not sustained in the instant case, and the facts support the conclusion of the lack of willfulness. *In re Wheelock,* 130 Vt. 136, 287 A.2d 569 (1972). The determination is within the expertise and competency of the Board. Such conclusion will not be reviewed here unless it is clearly erroneous.

*Affirmed.*