# Donald R. Longe, Jr. v. Department of Employment Security

[380 A.2d 76]

No. 269-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed October 31, 1977

*Joel D. Cook*, Vermont Legal Aid, Inc., Burlington, for Plaintiff.

*David M. Wilson, Michael F. Ryan*, and *Marian M. Schuman* (Law Clerk on the Brief), Montpelier, for Defendant.

**Larrow, J.** Claimant Longe, employed as a salesman for Independent Food Company, was discharged on January 27, 1976, for grounds claimed by the employer to constitute gross misconduct under 21 V.S.A. § 1344(a)(2)(B). The claims examiner sustained that contention, finding a failure to follow written instructions. The referee affirmed the disqualification, after hearing, for failing to answer written and verbal instructions, failure to follow instructions, and failure to improve his work. On further appeal, the Employment Security Board also affirmed the disqualification, but upon the different ground that claimant had stated falsely to his employer that he had called upon a particular customer, when in fact he had not. This result was reached by the Board solely from examination of the record and testimony below under 21 V.S.A. § 1349, a procedure we clarified and upheld in *Frye* v. *Department of*

*Employment Security,* 134 Vt. 131, 353 A.2d 339 (1976). The Board's adverse finding on the issue of his veracity is here attacked by the claimant on the ground that it is based solely upon hearsay evidence, seasonably objected to and directly contradicted by legally competent evidence, *i.e.,* his own testimony.

At the outset, we deem it important to delineate the scope of our review. Appellant does not have the burden of proof on the issue here in question. Where misconduct is asserted as a basis for disqualification for unemployment benefits, the burden of proof is on the employer. *Bourn* v. *Department of Employment Security,* 134 Vt. 490, 365 A.2d 253 (1976); *In re Therrien,* 132 Vt. 535, 325 A.2d 357 (1974). And, despite the rank nature of the hearsay here involved, appellant does not brief the issue of its admissibility in the first instance. It consisted of testimony by the employer's principal officer that he had phoned a customer in Ticonderoga, New York, and been told by the customer (a) that he had been in that day, (b) that he had checked this point with his employees, and (c) that although the place of business was open, claimant had not called upon them. Appellant testified he had made the stop on the day in question, but the place was closed. With the issue not raised on appeal, we are not called upon to decide whether the evidence was admissible in the first instance under 21 V.S.A. § 1351, which provides in pertinent part:

> The commissioner, the referee and the board shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure except as provided in this chapter, but may conduct a hearing or trial in such manner as to ascertain the substantial rights of the parties.

We leave open the question of what, if any, safeguards may be required to assure that the admission of hearsay is compatible with "the substantial rights of the parties." We would note, however, that our Administrative Procedure Act, in contested cases to which it applies, requires that the evidence be "of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." 3 V.S.A. § 810(1). And the Federal Rules of Evidence, while permitting hearsay within hearsay (Rule 805), require for evidence not within any specific exception the use of reasonable means to secure attendance of

the declarant or his deposition, circumstantial guarantees of trustworthiness, and advance notice of the intended offer. Rule 804(b)(5). Whether these or similar safeguards are indicated by the language of 21 V.S.A. § 1351 to ascertain the substantial rights of the parties we do not here decide since the point is not raised by the appellant.

■ Squarely raised and briefed by the parties, however, is the question of whether the hearsay involved, uncorroborated and contradicted by direct evidence, is sufficient to meet the burden of proof imposed upon the employer, and to support a finding made for the first time at Board level, from the record alone and without observation of the witness. We conclude that it is not, and reverse.

Both parties have presented their respective contentions clearly and logically. Appellant would have us adopt the "residuum" rule, which he claims we tacitly approved in *Streeter's Dependents* v. *Hunter*, 93 Vt. 483, 484, 108 A. 394 (1919), a workmen's compensation case, involving a similar statute. The language of that case bearing on this issue can only be considered dicta, as trial there was by jury, not administrative hearing, and the hearsay evidence in question was in fact corroborated by admissible evidence. The Department, on the other hand, would have us reject this rule, and uphold the Board's finding as "based on reasonably convincing evidence regardless of its technical admissibility." Both contentions have case law support and, in a given situation, the adoption of one view or the other could well determine the result. We do not, however, perceive that to be the case here; in our judgment reversal is required under either view.

With no issue presented as to the admissibility of the evidence in question, appellant would have us hold with the New York court in *Carroll* v. *Knickerbocker Ice Co.*, 218 N.Y. 435, 440, 113 N.E. 507 (1916) that "in the end there must be a residuum of legal evidence to support the claim." He cites *Consolidated Edison Co.* v. *National Labor Relations Board*, 305 U.S. 197, 230 (1938) as requiring a basis in evidence "having rational probative force," and holding that "mere uncorroborated hearsay or rumor does not constitute substantial evidence." Accord, *Sinclair* v. *Division of Employment Security*, 331 Mass. 101, 117 N.E.2d 164 (1954). The Department, on the other hand,

contends that *Consolidated Edison* has been greatly weakened by *Richardson* v. *Perales*, 402 U.S. 389 (1971), holding that only inherently unreliable hearsay is insufficient to sustain an administrative order. Hearsay, it says, if credible and of sufficient probative force, may be the sole basis for a decision. *Tauber* v. *County Board of Appeals*, 257 Md. 202, 262 A.2d 513 (1970). The area between the two "rules" is a very narrow one. We do not feel that the instant case requires a definitive choice; in our view the evidence is insufficient to support a finding under either criterion. Several considerations support our conclusion.

Without effort to secure either the attendance or the deposition of the declarants, the Board, acting solely upon the record below, made a finding based upon double hearsay that the appellant had not called upon the customer and had lied to his employer. Neither the claims examiner nor the referee, who heard and observed the witness in question, made any such finding; they based their disqualification upon other grounds. The "expertise" with which we credit the Board does not extend to clairvoyance. In *Frye, supra*, where we upheld the Board's override of a referee's decision, based solely upon the record, we carefully pointed out that observation of the witness was not a factor in the decision. Nor was the witness here in question a neutral one; the disqualification holding relieved the employer's account of charges for any benefits paid after the expiration of the disqualification. 21 V.S.A. § 1325.

In summary, we hold that where the Board, acting solely upon the record, sustained a conclusion below upon completely new grounds supported only by double hearsay put in evidence by an interested witness, and established a negative fact contradicted by the only direct evidence, without any attempt to secure better evidence, it did not "conduct a hearing or trial in such manner as to ascertain the substantial rights of the parties" within the purview of 21 V.S.A. § 1351. Our scrutiny discloses no trace of inherent reliability. The burden of proof on the issue of disqualification not having been met, the entry must be:

*Judgment reversed, and cause remanded for computation and award of benefits to the appellant.*