### Gary R. Cooley v. Department of Employment Security

[414 A.2d 1154]

No. 276-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Underwood,
Superior Judge, Specially Assigned

Opinion Filed April 8, 1980

212

Philip H. Zalinger of Paterson, Gibson & Noble, Montpelier, for Rock of Ages and Brooke Pearson, Montpelier, for Department of Employment Security.

Billings, J. The employee-claimant, Cooley, filed for unemployment benefits. The claims examiner disqualified him from benefits for ten weeks on the ground that he was discharged by his last employing unit, the Rock of Ages Corporation, for misconduct connected with his work. On appeal to the appeals referee, the disqualification period was modified from ten to six weeks. The claimant-employee then appealed to the Employment Security Board, which reversed the appeals referee and allowed the claimant benefits. The employer appeals this decision.

The alleged misconduct disqualifying the employee from benefits under 21 V.S.A. § 1344(a) (2) (B) consisted of two violations of safety rules relating to the use of a safety line. The claimant denied these allegations. In addition, it was alleged that the claimant had been late to work on four occasions, one of which the claimant disputed. It was shown that it was company policy to issue four or five warnings of tardiness prior to discharge, but that the policy had not been followed fully in the instant case.

In cases relying on misconduct as basis for discharge, the burden of proof is upon the employer. Longe v. Department of Employment Security, 135 Vt. 460, 461, 380 A.2d 76, 77–78 (1977); Bourn v. Department of Employment

*Security,* 134 Vt. 490, 491, 365 A.2d 253, 254 (1976); and *In re Therrien,* 132 Vt. 535, 537, 325 A.2d 357, 358 (1974). From a review of the record, it appears that there was a conflict of evidence with respect to the alleged safety violations, and the Board's conclusion that the employer failed in his burden of proof is not clearly erroneous. V.R.C.P. 52; *Bourn* v. *Department of Employment Security, supra.* Likewise, the claimant's alleged tardiness under the facts here does not amount to a substantial disregard of the employer's interests, especially in view of the established company policy relative to warnings on tardiness. Therefore, this was not a basis of disqualifying misconduct. *In re Therrien, supra.* The Vermont Department of Employment Security's determination is without error.

*Affirmed.*