# Michael Johnson v. Department of Employment Security

[420 A.2d 106]

No. 421-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

September 8, 1980

*Robert B. Luce* of *Rice and Knosher*, Montpelier, for Gallagher Lumber Co.

*Brooke Pearson*, Montpelier, for Defendant.

**Per Curiam.** Claimant was discharged from his employment with the Gallagher Lumber Company, and applied for benefits under the Unemployment Compensation Act, 21 V.S.A. ch. 17.

The claims examiner found that claimant was discharged for misconduct connected with his work, and therefore disqualified from receiving benefits. 21 V.S.A. § 1344(a)(1). The appeals referee reversed the claims examiner, and the Employment Security Board, acting on the record developed before the appeals referee, affirmed the referee's decision. This resulted in payment of benefits to the claimant, and a change in the employer's experience rating. The employer appealed from the Board's decision, alleging two grounds for reversal: first, that the Board's findings and conclusions are not supported by the evidence; and second, that the Board's findings are internally inconsistent. We disagree and affirm.

■ This Court will not disturb the findings of the Employment Security Board unless they are clearly unsupported by the evidence. *Kasnowski* v. *Department of Employment Secuity*, 137 Vt. 380, 381, 406 A.2d 388, 389 (1979). Where, as here, misconduct is the asserted ground of disqualification for benefits, the burden of proof rests squarely on the employer. *Longe* v. *Department of Employment Security*, 135 Vt. 460, 461, 380 A.2d 76, 77–78 (1977). To demonstrate the level of misconduct necessary to constitute a disqualification under § 1344, the employer must show "substantial disregard of the employer's interest, either wilful or culpably negligent . . . ." *In re Gray*, 127 Vt. 303, 305, 248 A.2d 693, 695 (1968); accord, *In re Therrien*, 132 Vt. 535, 537, 325 A.2d 357, 358 (1974).

■ The Board found that the claimant occasionally mishandled materials, refused to perform certain tasks, and argued with the foreman and the owner. The Board went on to find, however, that the employer had failed to establish that these acts resulted from anything other than misunderstanding of the job requirements, and an honest concern for the safety of the motor vehicles claimant was required to operate. Thus, the Board concluded that the legal standard for disqualifying misconduct had not been met. Our review of the record discloses that these findings are amply supported by the evidence, and our review of the law demonstrates that the Board's conclusion is correct.

■ The employer argues that findings 3 and 8 are inconsistent with each other, and with one of the Board's conclu-

sions. In fact, "findings" 3 and 8 are mere recitals of evidence, and that portion of the "conclusions" to which the employer directs our attention is really a finding of fact. Finding 3 recites that the claimant "denied that he mishandled or damaged any of the employer's material," while finding 8 recites that the claimant "acknowledged that he did not always pile lumber and other building materials" properly, but that "he denied having ever broken or damaged any of this material." If there is a slight inconsistency here, it is no more than a reflection of inconsistent testimony, and is harmless to the employer because the Board found the ultimate fact most favorably to the employer when, in its conclusions, it found that "the claimant stacked and loaded materials in an improper and apparently indifferent manner . . . ." The employer lost despite this finding, not because of it.

The employer has proved that the employee was balky and argumentative, but not that he harbored a wilful disregard of the employer's interests. See *Bourn* v. *Department of Employment Security*, 134 Vt. 490, 491, 365 A.2d 253, 254 (1976) (per curiam). Misconduct that is sufficient for discharge is not necessarily sufficient to require a disqualification from benefits under the Unemployment Compensation Act. *Newton* v. *Department of Employment Security*, 137 Vt. 604, 606–07, 409 A.2d 594, 595 (1979). Therefore, the Board properly refused disqualification.

*Affirmed.*