## Victoria N. Genier v. Department of Employment Security

[438 A.2d 1116]

No. 302-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed December 1, 1981

*David M. Sunshine*, Richmond, for Plaintiff.

*Matthew R. Gould*, Montpelier, for Defendant.

**Underwood, J.** Claimant was discharged as a secretary-receptionist by Oral Surgery Associates on March 21, 1980, after nine weeks on the job. Her subsequent application for unemployment compensation benefits was granted by the claims examiner. Her employer appealed and the appeals referee affirmed the decision of the claims examiner. Thereupon, her employer appealed to the Vermont Employment Security Board, which reversed the award of benefits. The Board, in a 2–1 decision, denied the claimant benefits on the novel ground that her alleged misrepresentation of her qualifications constituted substantial disregard for her employer's interests, thereby disqualifying her from benefits. 21 V.S.A. § 1344(a). Claimant appeals her disqualification to this Court.

"Our review of the matter can overturn the result, in the absence of any other defects, only when the established facts do not support the result reached, or compel a different result as a matter of law." *In re Gray*, 127 Vt. 303, 305, 248 A.2d 693, 695 (1968). The Board's findings of fact do not support its conclusion that the claimant misinformed the employer about her previous qualifications. Thus we must reverse, and need not decide whether misrepresentation can, as a matter of law, constitute misconduct.

As is so often the case in appeals from the Board, a full understanding of the facts is crucial to the ultimate determination.

Before she was hired, the claimant was interviewed first by the office manager and then by one of the oral surgeons. No application form or other written material was requested by the employer or provided by the claimant. Both parties agree that during the oral interviews, the claimant described a variety of positions which she worked at for a previous employer over a five-year period. These positions included operating the switchboard, being a receptionist, reconciling accounts payable, and work with tax forms and inventory control. Both the claimant and Oral Surgery Associates also agree that she did not specify that she held each of those positions only on a temporary basis, filling in when the regular employee was out.

The discrepancy between the employer's belief that the claimant had been a full-time employee and the actual nature of the claimant's employment as a substitute is one of the two items alleged to constitute misrepresentation.

The other item of misrepresentation alleged is her failure to tell Oral Surgery Associates that she had been terminated recently by another employer. The claimant testified that she mentioned an unpleasant experience with a firm she preferred not to name to the office manager, who denied any such discussion took place.

The evidence is conflicting as to when these two items first came to the employer's attention. By letter dated April 8, 1980, Oral Surgery Associates notified the Department of Employment Security that the claimant had been discharged "due to the lack of progress she was making." This was followed by

another letter from the employer, dated April 25, 1980, which informed the Department:

> Additional information has become available regarding [claimant's] termination of employment . . . .
>
> [Claimant] was hired on the basis of information provided by her of her prior work experience. The information which she provided was inaccurate.
>
> 1. She indicated prior work experience which differed markedly from the position she had held.
>
> 2. She failed to inform us of a prior recent employer . . . who had terminated her for cause.
>
> Due to the fact that [claimant] misrepresented herself, we request a review of our responsibility in her unemployment benefits.

Not until the hearing before the appeals referee did the employer begin to assert that the alleged misrepresentations were discovered *prior* to the claimant's discharge and that they were a reason for her dismissal. The Board majority avoided coming to grips with this discrepancy in its conclusions of law:

> [W]e view the evidence as demonstrating that the employer relied upon the claimant's representations concerning her work history and on that basis entrusted her with important and sensitive records . . . . [H]ad the claimant fully apprised the employer of her work history, the employer would at least have thought twice about hiring the claimant or perhaps not hired her altogether. . . . [I]n our view, her misrepresentations which resulted in her being hired to handle this employer's records evidenced a substantial disregard of the employer's business interests.[1]

We have no quarrel with the first two sentences. The record does indicate that the employer did rely on the claimant's statements, and suggests that she might not have been hired if she had provided more information than she did. But there is no support in either the Board's findings of fact

---

[1] Appeal No. 05-80-38-06-E, at 5-6. (Aug. 1, 1980.)

or in the record for transmuting the claimant's failure to "fully apprise the employer" about either of the two items at issue into "misrepresentation . . . evidenc[ing] a substantial disregard of the employer's business interests."

█ Nowhere does it appear that the claimant was even asked to list *all* her previous employers. In the absence of any duty to do so, the omission of one employer is no more a misrepresentation than the omission of any other incident of her life which was not related to the employer.

Nor will the Board's findings of fact support its conclusion of misrepresentation as to the second item—the nature of her previous employment. The Board's findings of fact on this issue consist of the following:

2. . . . During the interview, the claimant indicated that she had worked at [the previous employer] for five years.

3. . . . [T]he claimant informed him that her employment . . . involved an extensive number of duties. These duties included switchboard operation, reconciling accounts payable, inventory control, purchasing and accounting, work with tax forms and work in the engineering department and general receptionist duties.

7. The employer . . . learned that the claimant had been primarily a clerk/typist working on a part-time basis. She had been a floater and filled in when other workers were absent. She worked in a number of different departments over the five years she was employed.

8. The employer felt that the claimant misrepresented her work history at the time she was interviewed. Because of this and the employer's dissatisfaction with the claimant's overall performance, the claimant was discharged.[2]

█ To conclude from these findings that the claimant misrepresented the nature of her previous employment is error as a matter of law. How the employer "felt" is irrelevant. What counts is what the claimant did. She was under no duty to disclose more than she was asked. The information she gave was accurate. If the employer wanted more information, he

---

[2] Appeal No. 05-80-38-06-E, *supra*, at 2–4.

458

should have inquired further or made some attempt to check her references. The failure to do either is the source of the employer's exaggerated expectations. The claimant's inability to meet those expectations will not disqualify her from benefits.

*The judgment disqualifying the claimant from receiving benefits is reversed, and the cause is remanded for computation and award of benefits.*