**Susan Branch v. Department of Employment Security (Richard A. Herbert, Appellant)**

[458 A.2d 1121]

No. 82-046

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 5, 1983

*Kissell and Massucco, Terri A. Fisk,* Law Clerk (On the Brief), for Plaintiff-Appellee.

*Fitts, Olson, Carnahan, Anderson & Bump,* Brattleboro, for Defendant-Appellant.

**Per Curiam.** Dr. Richard A. Herbert, a dentist, appeals from a decision of the Vermont Employment Security Board awarding unemployment benefits to the claimant-appellee, Susan Branch. We affirm.

A detailed recitation of the facts is unnecessary. Suffice it to

say that the Board found that claimant, a dental hygienist, was engaged in contract negotiations with her employer, Dr. Herbert. She would have suffered a sizeable wage reduction by accepting his final offer. The Board found that the choice of receiving reduced wages or leaving employment provided claimant with good cause for quitting attributable to the employer, within the meaning of 21 V.S.A. § 1344(a)(2)(A). Thus, the Board awarded her benefits.

■ The sole question presented for our review is whether the evidence supported the Board's findings. Our standard of review in unemployment compensation cases is clear: we are to affirm the findings of the Board as long as there is credible evidence to support them, even if there is substantial evidence to the contrary. *Davis* v. *Department of Employment Security*, 140 Vt. 269, 276, 438 A.2d 375, 379 (1981). We may reverse only when there is no evidence to support the Board's decision. *Healey* v. *Department of Employment Security*, 140 Vt. 79, 82, 436 A.2d 753, 755 (1981).

■ Applying this standard to the facts of the instant case, we find that there is substantial evidence to support the Board's findings and conclusions. The employer testified that claimant was at all times required to work a 32-hour week; claimant testified and payroll records showed that she worked an average of 24 to 26 hours per week. The employer argued that his final offer of $6.50 per hour was the same as the salary rate claimant had been earning during the first quarter of 1981; claimant provided evidence of the earnings she received and the hours she worked to show that $6.50 per hour was less than her current salary rate. The Board, as fact finder, was free to accept or reject any of this evidence. That it chose to accept the evidence of the claimant does not give us cause to reverse; we will do this only when there is no evidence to support the Board's decision. Thus, we find no error in the Board's conclusion.

*Affirmed.*