**Derek E. Strong v. Department of Employment and Training (Blue Ox Trucking Corporation, Appellant)**

[473 A.2d 1170]

No. 82-464

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 3, 1984

*Ronald Villeneuve,* pro se, Underhill, Defendant-Appellant.

*Steven J. Kantor,* Montpelier, for Defendant-Appellee.

**Billings, C.J.** This is an appeal by the defendant-employer, Blue Ox Trucking Corporation (Blue Ox), from a decision by the Vermont Employment Security Board (Board). The Board awarded the claimant-employee Strong unemployment benefits on the ground that the claimant was discharged by his employer but not for misconduct connected with his work. 21 V.S.A. § 1344(a)(1)(A). The Board's decision affirmed the findings of the appeals referee, who had reversed a decision of the claims examiner denying benefits.

Claimant was employed by Blue Ox from September, 1981, until May 21, 1982, as a laborer on a house construction project. On May 19, 1982, claimant's supervisor told him to report for work the next morning at the employer's sawmill. Rather than reporting for work at the mill on May 20, however, the claimant returned to work at the construction site. When confronted by his supervisor, claimant asserted there was still work for him to complete on the house project. A heated exchange occurred causing the supervisor to leave the job site. On May 21, claimant's employer came to the house site and asked claimant why he had disobeyed the supervisor's order. The claimant replied that he thought the supervisor had been "kidding." The employer discharged claimant for disobeying his supervisor's work order.

The Board found that the claimant's failure to report for work at the mill on May 20 was the result of a misunderstanding on claimant's part. Although the Board characterized the claimant's behavior as demonstrating poor judgment, it concluded that his conduct did not amount to an intentional and substantial disregard of the employer's business interests. *Schaffner* v. *Department of Employment Security,* 140 Vt. 89, 93, 436 A.2d 743, 745 (1981).

This Court cannot disturb the findings of the Board if there is credible evidence to support them even if there is

substantial evidence to the contrary. *In re Wheelock,* 130 Vt. 136, 141, 287 A.2d 569, 572 (1972). When misconduct is asserted as the basis for an employee's discharge, the burden of proof is on the employer. *Cooley* v. *Department of Employment Security,* 138 Vt. 211, 212, 414 A.2d 1154, 1155 (1980). For the employee's misconduct to disqualify him for benefits there must be evidence of substantial disregard of the employer's interest. *Porter* v. *Department of Employment Security,* 139 Vt. 405, 410, 430 A.2d 450, 453 (1981). This disregard must be either wilful or culpably negligent. *Id.*

Although the record is not weighted heavily in favor of the claimant, there is evidence lending credence to his assertion that there was cause for his misinterpretation of the supervisor's order. Testimony at the hearing suggested that over the course of the claimant's employment his supervisor had occasionally suggested, in a facetious manner, that claimant was going to work at the mill. At no time, however, had claimant actually been required to work at the mill. As the Board noted, the May 19 incident was the only instance in the claimant's eight-month work record that the employer characterized as misconduct. While such behavior may provide the basis for an employment discharge, it does not reach the level required under the unemployment statutes to disqualify the claimant for benefits. *Schaffner* v. *Department of Employment Security, supra,* 140 Vt. at 93, 436 A.2d at 746; *Porter* v. *Department of Employment Security, supra,* 139 Vt. at 411, 430 A.2d at 454; *Johnson* v. *Department of Employment Security,* 138 Vt. 554, 556, 420 A.2d 106, 107 (1980).

*Affirmed.*