## Robert Cross v. Department of Employment and Training (Burlington Drug Company, appellant)

[523 A.2d 1247]

No. 85-506

Present: Allen, C.J., Hill, Peck and Gibson, JJ.,
and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed February 6, 1987

*John J. Boylan, Jr.*, Burlington, for Plaintiff-Appellee.

*H. Joseph Gamache* of *Sylvester & Maley, Inc.*, Burlington, for Defendant-Appellant.

**Barney, C.J. (Ret.), Specially Assigned.** This is an employee discharge case, with plaintiff Cross seeking unemployment benefits. The Claims Examiner and Appeals Referee denied benefits for misconduct connected with his work, to wit, insubordination. The Board reversed, awarding benefits, finding the grounds for discharge did not amount to misconduct within the meaning of the unemployment compensation law. The employer appeals.

The plaintiff had been employed by the Burlington Drug Company for some 34 years as a stock clerk. His job involved shelving incoming stock in the company warehouse. In 1985 a new system

for positioning stock on shelves was instituted. The old system was alphabetic, the new system numerical. The warehouse help complained for a time while getting used to the system. The plaintiff continued to complain, using profanity liberally, to the point that some of his co-workers would leave the area when he was stocking shelves, returning after he was finished. The employees' manual stated that profanity was not to be tolerated.

After the system had been in place six months, the plaintiff and his employer were talking about the problems with the new system. The plaintiff became upset and started yelling, swearing and using foul language. The employer terminated the conversation. That night the plaintiff called the employer and a calmer discussion of the problem was had. During their talk the employer warned the plaintiff that further use of foul language would not be tolerated. Less than two weeks later, the plaintiff was again swearing in the warehouse. The incident was reported and plaintiff's discharge followed.

The single issue of this appeal is whether or not these facts evidence misconduct relating to employment sufficient to disqualify plaintiff for benefits. The fact that misconduct may support a discharge does not necessarily mean that the same misconduct disqualifies an employee from receiving unemployment benefits. *Johnson* v. *Department of Employment Security*, 138 Vt. 554, 556, 420 A.2d 106, 107 (1980). As that case points out, the burden of proving that particular misconduct disqualifies an employee from receiving benefits is "squarely on the employer." *Id.* at 555, 420 A.2d at 107.

In determining whether an employee's conduct constituted misconduct connected with his work, amounting to a substantial disregard of the employer's interest, either wilful or culpably negligent, a separate evaluation in the light of the remedial and beneficial purposes of the Unemployment Compensation Act must be conducted. *In re Gray*, 127 Vt. 303, 305, 248 A.2d 693, 695 (1968).

In this case, the facts found by the Appeals Referee were adopted in their entirety by the Employment Security Board. The legal conclusions reached by the Referee and the Board were different. The Board turned its result on its inability to find that "the claimant's strong language represented a substantial disregard of the employer's business interests either wilful or culpably negligent." Although the Board has, in other cases, made reference to "business interests," see, e.g., *Genier* v. *Department of*

*Employment Security*, 140 Vt. 453, 456-57, 438 A.2d 1116, 1118 (1981), the language of 21 V.S.A. § 1344(a)(1) does not contain that term. Whether the presence of that additional term reflects a view of the legislative purpose varying from the plain language of the statute is perhaps too subjective to be determined from this case, but we would emphasize that the statute governs.

In this case the dispute is not upon the facts as found, but relates to the conclusions of law drawn therefrom, differing as between the Referee and the Board. This Court must decide whether or not the Board's conclusions can be sustained as a matter of law, having in mind the weight to be given to the result based on the Board's expertise. *In re Agency of Administration*, 141 Vt. 68, 75, 444 A.2d 1349, 1352 (1982).

Even so, we must reverse. The findings unquestionably disclose insubordination was a repeated offense, coming after direct warning from the employer and contravening company policy as explicitly stated in the employees' guidebook furnished all employees. It is not as though this conduct occurred in a vacuum. The evidence, already noted, is that the foul and profane language was such that certain of his co-workers temporarily left the area, returning after he was finished. This misconduct, on the facts, was sufficiently inimical to the employer's interest in the orderly operation of his enterprise to not only justify the discharge but also the disqualification for benefits.

*Reversed and remanded for entry of an order denying benefits.*