*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-199

OCTOBER TERM, 2015

| | | |
|---|---|---|
| George Zarcadoolas | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| v. | } | |
| | } | |
| Department of Labor | } | |
| (Scully Corporation, Employer) | } | DOCKET NO. 01-15-023-03 |

In the above-entitled cause, the Clerk will enter:

Employer appeals a determination of the Employment Security Board that the claimant's discharge was not for misconduct connected to his work. On appeal, employer argues that claimant's repeated insubordination amounted to misconduct sufficient to disqualify him for benefits. We affirm.

The Board found the following. Claimant was employed by employer Scully Corporation as a fine dining manager. In June 2014, employer reminded claimant about the need for all new employees to complete new hire paperwork prior to starting work. In July 2014, employer informed claimant that all servicers who had not taken the state-required liquor seminar were required to do so by the end of July. In August 2014, employer again learned claimant was failing to have new hires complete necessary paperwork prior to starting work, and reminded claimant of this requirement. Employer also received some customer complaints regarding claimant's style of waiting tables. In October 2014, claimant was told "no one can work, train or do a working interview until their paperwork has been submitted and approved, uniform is acquired and liquor license is in my hands." Sometime in the fall, employer decided to terminate claimant for failing to complete new hire paperwork before employment began, failing to maintain wine and coffee inventory, and various other performance issues. Employer waited, however, until business slowed down enough, and discharged claimant on December 2, 2014.

Claimant filed for unemployment compensation benefits. The claims adjudicator concluded that claimant was discharged for misconduct connected to his work, and claimant was disqualified for benefits for the weeks ending December 6, 2014, through February 7, 2015. Claimant appealed, and an administrative law judge affirmed. Claimant then appealed to the Employment Security Board. The Board reversed, concluding that claimant's discharge was not for misconduct connected with his work. The Board explained that employer had failed to demonstrate that claimant's acts rose to the level of "negligence necessary to sustain a finding of misconduct." Although the Board acknowledged that claimant had not met all of employer's expectations, the Board concluded that the poor performance did not rise to misconduct. Employer appeals.

Decisions of the Board will be upheld unless "the findings and conclusions were erroneous." Allen-Pentkowski v. Dep't of Labor, 2011 VT 71, ¶ 5, 190 Vt. 556 (mem.) (quotation omitted). The Board's findings will be affirmed "if there is credible evidence to support them even if there is substantial evidence to the contrary." Id. (quotation omitted).

Pursuant to the statute, an individual is disqualified for benefits if "discharged by his or her last employing unit for misconduct connected with his or her work." 21 V.S.A. § 1344(a)(1)(A). The employer bears the burden of demonstrating that the employee's acts amounted to misconduct. Allen-Pentkowski, 2011 VT 71, ¶ 6. Disqualifying misconduct involves "substantial disregard of the employer's interest, either willful or culpably negligent." Porter v. Dep't of Emp't Sec., 139 Vt. 405, 410 (1981) (quotation omitted). "Mere mistakes, errors in judgment, unintentional carelessness or negligence are not acts of misconduct sufficient to disqualify a claimant for unemployment benefits, though they may very well be acts of misconduct warranting discharge of the employee." Id. at 411.

On appeal, employer argues that claimant's repeated insubordination rose to the level of willful negligence sufficient to justify disqualification for benefits under 21 V.S.A. § 1344(a)(1)(A). In support, employer cites to prior decisions where an employee is warned about inappropriate behavior and, after repeating it, is discharged. For example, in Cross v. Dep't of Emp't & Training, 147 Vt. 634 (1987), the claimant was using profanity liberally at work even though the employee manual stated that profanity was not tolerated. The employer warned the claimant that future foul language would not be tolerated. When the claimant swore again, he was discharged. The Board concluded that the claimant's behavior did not amount to misconduct, but on appeal, this Court determined that the claimant's repeated insubordination was "sufficiently inimical to the employer's interest in the orderly operation of his enterprise" to justify the discharge and to amount to misconduct. Id. at 636.

Similarly, employer argues here that claimant's repeated insubordination in failing to have employees complete the proper forms prior to beginning work and in ensuring that employees completed liquor training following direct warnings amounted to work-related misconduct because it posed a threat to employer's "orderly operation." Id.

We hold that the Board properly concluded that the legal standard for disqualifying misconduct was not met in this case. Certainly, claimant's actions demonstrated poor job performance, but those actions did not amount to a willful or intentional disregard of the employer's interest. While employer cites several of claimant's actions that prompted the dismissal, the only actions that employer discussed with claimant prior to dismissal were claimant's failure to ensure that new employees submitted their proper paperwork on time and attended liquor-license training. Although employer mentions that claimant did not maintain wine and coffee inventory, this was not raised with claimant prior to his dismissal.

Employer did not demonstrate that claimant's failure to have new employees properly complete paperwork and attend trainings was due to more than claimant's unintentional carelessness or negligence. Further, employer also does not demonstrate that this conduct amounted to a substantial disregard of employer's interest. As the Board pointed out, the actions were not so detrimental to employer's interest that claimant was discharged immediately, as the claimant was in Cross; rather, employer waited until business was less busy to discharge claimant. This indicated that claimant's shortcomings in his job performance were more

2

"carelessness or negligence," <u>Porter</u>, 139 Vt. at 411, than misconduct that created a "substantial disregard of the employer's interest."  <u>Id</u>.

        <u>Affirmed</u>.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice
