VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    24-AP-030

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2024

Champlain Valley Equipment Inc.* v.        }    APPEALED FROM:
Department of Labor (Chad Heath)           }
                                           }    Employment Security Board
                                           }    CASE NO. 07-23-001-01


In the above-entitled cause, the Clerk will enter:

Employer appeals the Employment Security Board's ruling that claimant was eligible for unemployment compensation benefits after he was discharged by employer. We affirm.

Claimant Chad Heath applied for unemployment compensation after being discharged by employer Champlain Valley Equipment, Inc. A claims adjudicator denied his claim on the ground that claimant was not eligible for benefits because he was discharged for misconduct, namely, absenteeism or tardiness and not completing tasks. Claimant appealed to an administrative law judge (ALJ), who upheld the claims adjudicator's decision following an evidentiary hearing. Claimant then appealed to the Board, which reversed the ALJ's decision.

The Board found the following facts in its decision. Claimant worked for employer for four-and-a-half years as a mechanic and yard worker. Several times during his employment, he had interpersonal issues with his supervisor that he reported to human resources and management. He reported experiencing multiple instances of sexual harassment. He also reported his direct supervisor for allegedly altering work orders. Management ignored his reports.

On October 17, 2022, claimant was given a written warning for failing to complete jobs, issues with shop cleanliness, improperly tracking work time with the time clock, and leaving early without telling management. Claimant acknowledged the written warning with his signature. After the warning, claimant and his supervisor had additional conversations about improving his performance.

Claimant's last day of employment was April 14, 2023. Employer provided a written notice of termination to claimant on April 15, citing absences and tardiness and general work performance. At the ALJ hearing, employer introduced an April 8, 2023 written warning to the claimant citing tardiness and communication issues and an April 14 warning citing performance issues. These warnings were not signed by claimant. Claimant denied receiving either warning from employer.

The Board concluded that employer had not met its burden of demonstrating that claimant was discharged for misconduct. It explained that the record did not establish that claimant had received the written warnings in April 2023 because they were not signed by claimant and he denied receiving them. It further reasoned that claimant offered a reasonable alternative explanation for his discharge, which was the deterioration in his working relationship with his supervisor after he reported sexual harassment and tampering with work orders. The Board concluded that the deterioration in their relationship did not rise to the level of misconduct that would disqualify claimant from benefits. It therefore held that claimant was eligible for unemployment compensation. Employer appealed the Board's decision to this Court.

"Our standard of review in unemployment compensation cases is clear: we are to affirm the findings of the Board as long as there is credible evidence to support them, even if there is substantial evidence to the contrary." Branch v. Dep't of Emp. Sec., 142 Vt. 609, 610 (1983) (per curiam). We will affirm the Board's conclusions if supported by the findings. Piper v. Dep't of Lab., 2011 VT 32, ¶ 7, 189 Vt. 417. "Where, as here, misconduct is the asserted ground of disqualification for benefits, the burden of proof rests squarely on the employer." Johnson v. Dep't of Emp. Sec., 138 Vt. 554, 555 (1980) (per curiam).

A claimant is disqualified from receiving unemployment compensation benefits if the claimant is discharged "for misconduct connected with the individual's work." 21 V.S.A. § 1344(a)(1)(A). "To be disqualified from benefits, an employee's misconduct must be in substantial disregard of the employer's interest, his disregard being either willful or culpably negligent." Favreau v. Dep't of Emp. & Training, 151 Vt. 170, 172 (1989). "Misconduct that is sufficient for discharge is not necessarily sufficient to require a disqualification from benefits under the Unemployment Compensation Act." Johnson, 138 Vt. at 556.

Employer argues that the Board erred in considering claimant's testimony that he had reported sexual harassment and that his supervisor was altering work orders. Employer argues that the ALJ excluded this testimony at the evidentiary hearing, meaning that it was not part of the record. Employer contends that the Board took additional evidence at its own hearing and issued its decision based on that evidence, in violation of its own rules, and therefore its decision must be reversed.

The Board's rules state that "[e]xcept as otherwise provided in this rule all appeals to the Board shall be heard upon evidence in the record made before the ALJ." Rules of the Employment Security Board, Rule 15C, Code of Vt. Rules 24 005 001, https://labor.vermont.gov/sites/labor/files/doc_library/EmploymentSecurityBoardRules_Amended_Effective10.01.19_0.pdf [https://perma.cc/9YSX-FZ2B]. Failure to follow this procedure is

grounds for a new hearing, even if the evidence supports the Board's ultimate decision. See Piper, 2011 VT 32, ¶ 17.

We are unpersuaded by employer's claim that the Board violated its own procedure in this case by considering claimant's testimony about his reports to employer. At the ALJ hearing, claimant testified that he reported sexual harassment multiple times and employer failed to properly document the claims. He went on to state that his supervisor altered a work order and made fake claims. The ALJ interrupted claimant, stating that "that's not relevant information as far as the reason that they would let you go for the purpose of the hearing today." Claimant then stated, "Right, but that's why he terminated me because I was speaking out on those things." The ALJ responded, "Okay." Claimant then reiterated that he had reported the sexual harassment to human resources. While employer asserts that this exchange meant that claimant's testimony was excluded from the record, we are unable to conclude that there was an explicit ruling to that effect. Rather, the ALJ appeared to be trying to redirect claimant's focus to the asserted reasons for his discharge. The testimony was therefore in the record and the Board did not err in relying on it.

The Board did appear to rely on claimant's statements at the subsequent Board hearing that he never received the April 2023 written warnings. However, employer has failed to demonstrate that the error was prejudicial. See Wheeler v. Dep't of Emp. Sec., 139 Vt. 69, 71 (1980) ("The burden is on the excepting party to show reversible error.). Claimant stated during the claim interview that he was not given any written or verbal warnings about the issues raised in those warnings prior to being discharged. Claimant's responses to the claim interview were admitted at the ALJ hearing. Accordingly, the Board's finding on this point was supported by other evidence in the record.

The testimony and other evidence submitted at the ALJ hearing supports the Board's ultimate conclusion that employer failed to demonstrate disqualifying misconduct by claimant. The written warnings that employer purportedly gave to claimant in April 2023, which were admitted into evidence, were not signed by claimant, unlike the prior warning it issued in October 2022. The Board therefore found that employer had not shown that claimant disregarded direct warnings about the behavior for which he was purportedly discharged. Cf. Cross v. Dep't of Emp. & Training, 147 Vt. 634, 636 (1987) (holding that claimant engaged in misconduct in form of insubordination where record showed that claimant disregarded direct warning from employer about using profane language and company policy explicitly forbade such conduct). Although the October 2022 warning involved some of the same issues, the Board evidently did not find that warning to be close enough in time to be relevant to claimant's eventual discharge six months later. Further, the evidence supports the Board's finding that claimant offered a credible alternative explanation for his discharge, which was the deterioration in his working relationship with his supervisor. In his unchallenged testimony before the ALJ, claimant testified that he notified employer when he would be late and that employer did not give him enough time to complete assigned tasks, and asserted that he was instead being retaliated against for his reports to human resources. The Board evidently credited claimant's testimony over employer's hearsay statements. We therefore see no reason to disturb its conclusion that employer failed to prove that claimant engaged in misconduct that disqualified him from unemployment benefits. See Mazut v. Dep't of Emp. & Training, 151 Vt. 539, 542 (1989)

3

(affirming Board's decision that employer failed to meet burden of proving disqualifying misconduct).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice