VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-385



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2026

| | |
|---|---|
| Sleepy Hollow Inn Ski and Bike LLC\* v. Department of Labor (Carol Greenhouse) | } APPEALED FROM:<br>}<br>} Employment Security Board<br>} CASE NO. 05-25-005-01 |

In the above-entitled cause, the Clerk will enter:

Employer Sleepy Hollow Inn Ski and Bike LLC appeals the Employment Security Board's decision that claimant Carol Greenhouse was eligible for unemployment benefits because her discharge was not for employment-related misconduct. On appeal, employer argues that the Board erred in concluding that employer did not meet its burden of demonstrating that claimant was discharged for misconduct related to her employment. We affirm.

The Board accepted the following findings made by the administrative law judge (ALJ). Employer is an inn that is owned and managed by the Enman family, including Sandra Enman and her children Eli Enman and Molly Peters. Claimant worked as an innkeeper for employer from June 2022 to January 2025. She was directly supervised by Eli Enman, who had the most day-to-day contact with claimant and provided her with "overwhelmingly positive feedback." There was, however, an overlap of supervisory duties and claimant also received task assignments from other members of the family.

Sandra Enman was not satisfied with claimant's work and provided a long list of performance issues including inadequate flower maintenance, deficient cleaning, lack of a fire in a woodstove one winter evening, poor food catering quality, insufficient front-desk presence, and taking vacation at inconvenient times. Claimant disagreed with some of the examples, but conceded her performance was sometimes lacking. Claimant did not receive any written performance evaluations or warnings and was not warned verbally or in writing that she could be terminated if performance did not improve.

Employer terminated claimant after two particular events. First, claimant took a personal vacation in January during one of employer's busiest times of year, causing employer expense and inconvenience. Claimant notified Eli Enman about the vacation and arranged substitutes to

cover her work. Second, claimant declined to provide employer with data regarding past hours worked in connection with a request made by the Department of Labor to employer.[*]

The ALJ concluded that employer had not met its burden of proving that claimant acted in substantial disregard of employer's interest and that her actions were either willful or culpably negligent. The ALJ found that claimant took vacation with at least tacit approval from a supervisor. Employer did not have a leave policy, and when claimant informed Eli Enman about her vacation, he did not object. Moreover, the ALJ explained that claimant had a reasonable explanation for not providing unemployment claim data given that the Department of Labor had requested the information from employer to compare that to what claimant submitted. Finally, although claimant's performance may have fallen below expectations, employer did not show that claimant had violated written or oral directives, or acted in an insubordinate manner. The Board agreed, concluding that claimant's discharge was due to instances of "mistakes, poor performance, or errors in judgment," and that employer's lack of documented policies or history of warnings suggested that claimant's mistakes did not amount to misconduct sufficient to disqualify claimant from benefits. Employer appeals.

An individual is disqualified from receiving unemployment benefits if the individual is discharged for misconduct connected with their work. 21 V.S.A. § 1344(a)(1)(A). An employer's determination that a claimant committed misconduct is not controlling for purposes of the statute, which is evaluated "in the light of the remedial and beneficial purposes of the unemployment compensation act." In re Gray, 127 Vt. 303, 305 (1968). To be disqualifying, misconduct must amount to a "substantial disregard of the employer's interest, either wilful or culpably negligent." Id. The employer bears the burden of proving that the claimant was disqualified for misconduct. Johnson v. Dep't of Emp. Sec., 138 Vt. 554, 555 (1980) (per curiam). "This Court will not disturb the findings of the Employment Security Board unless they are clearly unsupported by the evidence." Id. "Absent a clear showing to the contrary, any decisions within [the Board's] expertise are presumed to be correct, valid, and reasonable." Bouchard v. Dep't of Emp. & Training, 174 Vt. 588, 589 (2002) (mem.).

Employer argues that the Board erred in concluding that employer failed to meet its burden of showing that claimant committed misconduct connected to her employment. Employer contends that the Board focused on the lack of warnings and asserts that the unemployment statute does not require warnings or written policies to support misconduct. Employer also argues that it presented sufficient evidence to demonstrate insubordination.

The Board did not err in considering whether employer provided claimant with warnings regarding her conduct. Although warnings are not necessary to support a finding of misconduct, they are relevant to determining whether the claimant's actions were willful or "tantamount to an intentional disregard of the employer's interests." Schaffner v. Dep't of Emp. Sec., 140 Vt. 89, 93 (1981); see also Favreau v. Dep't of Emp. & Training, 151 Vt. 170, 174 (1989) ("One may be

---

[*] On appeal, employer faults the ALJ for proceeding with the hearing even though Eli Enman was unable to attend and for not offering employer the opportunity to introduce texts and emails with claimant to prove its assertions. The transcript of the hearing before the ALJ shows that neither of these arguments were raised below. See Pratt v. Pallito, 2017 VT 22, ¶ 16, 204 Vt. 313 (explaining that to preserve argument for appeal, party must raise it with specificity and clarity before agency). Employer did not object to proceeding without Eli Enman and did not ask to introduce any additional evidence. Therefore, these issues are not preserved for appeal, and we do not reach them.

disqualified from unemployment compensation benefits for repeated insubordination after receiving a direct warning from the employer.").  This is not the Board's sole consideration and there may be other factors to consider, including whether the behavior contravenes an established policy or negatively impacts coworkers.  See Favreau, 151 Vt. at 174 (concluding that claimant's behavior amounted to employment-related misconduct where offense was repeated following warning from employer, offense contravened company policy, and offense frightened coworkers).

The record here supports the Board's determination that claimant's behavior did not amount to willful or culpably negligent disregard for employer's interest and was more akin to "[m]ere mistakes, errors in judgment, unintentional carelessness or negligence."  Porter v. Dep't of Emp. Sec., 139 Vt. 405, 411 (1981) (explaining level of misconduct necessary to support disqualification from benefits).  In addition to not being warned that her conduct could result in dismissal, claimant did not violate any clear policy of employer's.  Claimant received different messages from employer's owners and there was a lack of clear expectations regarding her work.  Under these circumstances, the findings support the Board's conclusion that claimant's conduct did not disqualify her from receiving benefits.

Affirmed.

BY THE COURT:

_____
Nancy J. Waples, Associate Justice

_____
Christina E. Nolan, Associate Justice

_____
Michael P. Drescher, Associate Justice