## Gary Delneo v. Department of Employment and Training (Hinesburg School District, Employer)

[533 A.2d 1190]

No. 86-192

Present: Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed August 28, 1987

*James S. Suskin*, Vermont-NEA, and *Christine W. Ariel*, Legal Intern (On the Brief), Montpelier, for Plaintiff-Appellant.

*Brooke Pearson*, Montpelier, for Defendant-Appellee.

**Peck, J.** This is an appeal by Gary Delneo (claimant), formerly employed as a teacher by the Hinesburg School District, from a decision of the Employment Security Board, denying him unemployment compensation during the summer months of 1985, after he contracted to teach at another school for the ensuing academic year. We affirm.

The issue on appeal is whether a teacher who is otherwise eligible for unemployment compensation is rendered ineligible by the provisions of 21 V.S.A. § 1343(c)(1), which deny teacher-benefits between academic terms, even though the teacher is involved in an ongoing labor dispute.

Subsequent to the expiration of his collective bargaining agreement between the teachers and the Hinesburg District, claimant continued to teach during the 1984-85 school year without a formal contract. Labor negotiations broke down, a strike was declared, and the school was closed for most of the month of April, 1985. The school reopened with substitute teachers on April 23, and the Chief Claims Examiner found claimant eligible for unemployment compensation benefits beginning on April 30, 1985.

Although the labor dispute continued throughout the summer, on June 27, 1985, the last day of the school year, claimant signed a contract to teach at another school the following September. The Chief Claims Examiner found that, because claimant had signed the contract, he became ineligible to receive unemployment compensation benefits during the summer months. The applicable statute, 21 V.S.A. § 1343(c)(1), provides in pertinent part:

With respect to services performed in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be payable on the basis of such services for any week of unemployment commencing during the period between two successive academic years or terms . . . to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms;

The Employment Security Board (Board) sustained the Claims Examiner's findings, and this appeal followed.

■ Our review is limited to a determination of whether the Board's conclusions are clearly erroneous; in the absence of such error, the conclusions will stand. *Bourn v. Department of Employment Security*, 134 Vt. 490, 491, 365 A.2d 253, 254 (1976). Here, claimant argues that the Board erred in applying the "between academic terms" exclusion, found in § 1343(c)(1), to a situation where a teacher is involved in an ongoing labor dispute. We disagree.

Claimant first maintains that the Board ignored its own finding that a labor dispute was in progress and failed to consider the applicability of § 1343(c)(1) in such a situation. The record belies these assertions; rather than ignoring this finding of fact, the Board simply concluded that it was "totally irrelevant" in the absence of authority supporting the proposition that the labor dispute made the statutory exclusion inapplicable. The burden of substantiating a claim for unemployment compensation is upon the claimant. *In re Platt*, 130 Vt. 329, 331, 292 A.2d 822, 824 (1972). Here, claimant failed to provide the Board with any basis for his argument that the exclusion was inapplicable, and he has also failed to demonstrate that the Board's ruling on this point was clearly erroneous.

■ Claimant attempts to bolster his claim of error by arguing that the legislature did not intend the statutory exclusion to apply in situations where the academic break periods were altered because of a labor dispute. He also notes that courts of other jurisdictions have held similar statutes inapplicable under such circumstances. See, e.g., *McKeesport Area School District v. Com-*

*monwealth Unemployment Compensation Board of Review*, 40 Pa. Commw. 334, 397 A.2d 458 (1979). However, we treat these arguments summarily because, here, the relevant break period was not altered by the labor dispute. Although claimant was not working during the final weeks of the school year, this period of unemployment was due to the strike, and he received unemployment benefits during those weeks.* Thus, his situation is distinguishable from those in the cases he cites. In *McKeesport*, for example, the academic year was, scheduled to begin on September 7, 1976, but classes were delayed until September 23 of that year because of a lock-out of the teachers. The Pennsylvania court's holding that the teachers were eligible for unemployment benefits related only to the period between those dates, and its rationale depended on the fact that the period in question was outside of the regularly scheduled summer break. *Id.* at 339, 397 A.2d at 461-62. In this case, claimant received unemployment benefits for the weeks prior to the normal, anticipated ending of the school year, and these payments were discontinued only when the break commenced. Thus, the Board's conclusion that the statutory exclusion applied was not erroneous, and its ruling stands.

*Affirmed.*

---

\* Claimant did not receive unemployment compensation during the initial weeks of the strike, but no claim on that basis was made either below or on appeal.